TURPIN *v.* STATE OF INDIANA.

[No. 25,843.   Filed March 9, 1934.]

*Eli B. Stephenson,* for appellant.

*James M. Ogden,* Attorney-General, and *E. Burke Walker,* Deputy Attorney-General, for the State.

FANSLER, J.—The appellant and one Jenkins were charged jointly, by indictment in two counts, with the murder of Zack Burton. The appellant was separately tried and found guilty of murder in the second degree upon the first count, which charged that the appellant and Jenkins killed Burton while engaged in the perpetration of and attempt to perpetrate the crime of robbery by wilfully and purposely shooting Burton with a pistol held in the hands of Jenkins.

The appellant filed an answer in abatement to which a demurrer was sustained. Several grounds for abatement are alleged in the answer, but only one is urged in the appellant's brief. That is the allegation: "That the Prosecuting Attorney was present with the Grand

Jury when he submitted a new specially prepared indictment to them and present while they were deliberating thereon and expressing their opinions about same and said prosecutor suggested and urged that said Grand Jury return the new indictment which is the identical one herein returned October 1, 1928, he had prepared it in two counts and with said Grand Jury discussed the sufficiency of the evidence submitted in said cause to sustain the charge."

The statute provides:

"The prosecuting attorney or his deputy shall be allowed at all times to appear before the grand jury, for the purpose of giving information relative to any matter cognizable by it or advice upon any legal matter when required; and he may interrogate witnesses before the grand jury, when the jury or he deems it necessary, but no prosecuting attorney, officer or person shall be present with the grand jury during the expression of their opinions or in giving their votes upon any matter before them." §2142, Burns 1926, §9-826, Burns 1933, §2122, Baldwin's 1934.

The demurrer, of course, admits all the facts well pleaded. Such a plea does not deny the merits of the prosecution or the guilt of the accused, and only tends to delay or postpone the remedy. The answer is required to anticipate and exclude all supposable matter which, if alleged by the state, would defeat the plea, and, therefore, in considering its sufficiency upon demurrer the allegations will be strictlty construed unaided by any intendment or presumption, and will only be held sufficient if any supposable matter which might be asserted in reply is certainly and conclusively excluded. *State* v. *Comer* (1901), 157 Ind. 611, 62 N. E. 452; *Williams* v. *State* (1918), 188 Ind. 283, 123 N. E. 209.

The statute clearly contemplates that the prosecuting attorney may be present with the grand jury for

the purpose of giving information and advice
upon legal matters, and that he may interro-
gate witnesses, and thus assist the grand jury in
developing evidence. The drafting of indictments is
highly technical, and in determining the crime with
which a person is to be charged, consideration must be
given to the facts which may be established by the
evidence, and it must be determined what crime, if
any, will be established by the facts available. An
attempt by grand juries to determine for themselves,
without advice or consultation with the prosecuting
attorney, what, if any, crime is established by the facts
concerning which they have heard evidence, and the
character of the indictment which will properly charge
that crime, would undoubtedly lead to numerous mis-
carriages of justice. The statute must not be inter-
preted as meaning that the prosecutor shall not aid and
assist the grand jury in determining what, if any,
crime is constituted by given facts, and the method of
charging the crime. In so assisting the grand jury it
may be necessary that he be present and submit a
specially prepared indictment. In explaining the indict-
ment, necessarily the jurors would deliberate thereon
and very properly express their opinions about the
same, and interrogate the prosecutor as to whether
some other offense than the one named in the indict-
ment might be the proper one under a certain state of
facts. As a practical matter it may be necessary that
the prosecutor suggest and urge the return of the
indictment prepared by him, if an indictment be re-
turned at all, and that he discuss with the jurors the
evidence necessary to sustain a conviction under the
indictment, and that he discuss the sufficiency of the
evidence submitted with his assistance to sustain the
charge contained in the indictment. It is contemplated
that when they are advised fully, the jurors shall finally

deliberate and determine whether they will believe or disbelieve the evidence adduced before them, or any of it, whether a crime has been committed, and if so what crime, and whether there is sufficient evidence to justify the return of the indictment suggested by the prosecuting attorney, or any other indictment, and that during these deliberations, and at the time of their final votes, no person other than the jurors shall be present.

Appellee suggests that the averments quoted from the answer in abatement might mean that "after the evidence had been heard and the grand jurors had voted to return indictments for murder, the prosecutor was called into the grand jury room to advise the grand jury concerning the form and sufficiency of the indictment as a pleading and the sufficiency of the evidence to sustain the particular indictment, and that the deliberations of the grand jurors and expressions of their opinions were confined to legal formalities strictly in accordance with the provisions of the statutes allowing the prosecutor 'at all times to appear before the grand jury for the purpose of giving information relative to any matter cognizable by it, or advice upon any legal matter when required.'" Such a construction is not inconsistent with the allegations of the answer, and thus the prohibition of the statute as it is interpreted in actual practice and by this court is not violated. *Williams* v. *State, supra; State* v. *Bates* (1897), 148 Ind. 610, 48 N. E. 2.

Appellant filed a motion to quash upon the ground that the counts of the indictment are insufficient in that they fail to aver that the act of appellant caused the death of Burton, and that they show that Jenkins caused the death. We are only concerned with the first count under which the verdict was returned. It alleges that the appellant and Jenkins

were engaged in perpetrating or attempting to perpetrate a robbery, and that in the perpetration of and attempt to perpetrate said crime they unlawfully, wilfully, and purposely killed and murdered Burton with a pistol held in the hands of Jenkins.  If the appellant and Jenkins were jointly engaged in the perpetration of a robbery, and in the perpetration thereof Burton was killed and murdered, both would be guilty, notwithstanding the actual killing was the act of but one. *Burns* v. *State* (1922), 192 Ind. 427, 136 N. E. 857; *Witt* v. *State* (1933), 205 Ind. 499, 185 N. E. 645.

Appellant complains of the admission of the testimony of the witness Tyree to the effect that Jenkins told him that the gun which was exhibited was the gun with which he shot Burton.  This was hearsay, of course, but it did not tend to incriminate the appellant.  The appellant himself testified that he saw Jenkins shoot Burton.  The testimony could have in no way prejudiced appellant's rights.

Appellant complains about the admission in evidence of what is termed his confession.  But the instrument is not, in fact, a confession.  It conforms almost identically to the appellant's testimony when he voluntarily took the witness stand, and is in effect that he came to the front of Burton's store and looked in and saw Jenkins shoot, and that he had no connection whatever with the shooting.  But if it were a confession we cannot say that there was an abuse of discretion in admitting it since there was testimony of several witnesses that it was made freely and voluntarily.  *Alstott* v. *State* (1933), 205 Ind. 92, 185 N. E. 896.

There is ample evidence to sustain the verdict.

We have disposed of all of the errors suggested or discussed in appellant's brief.

Judgment is affirmed.