The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Andrew David ROYBAL, Defendant–Appellee.

No. 79SA466.

Supreme Court of Colorado, En Banc.

Sept. 22, 1980.

See also 618 P.2d 1121.

Nolan L. Brown, Dist. Atty., John R. Barksdale, Deputy Dist. Atty., Golden, for plaintiff–appellant.

J. Gregory Walta, State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant–appellee.

LOHR, Justice.

The district court granted the motion of the defendant, Andrew David Roybal, for judgment notwithstanding verdict after a jury had found the defendant guilty of Driving After Judgment Prohibited, section 42–2–206, C.R.S.1973. The district attorney appeals from the trial court's order dismissing the case. He also asks that we disapprove the trial court's ruling as to the procedure for determining whether the defendant had to drive the motor vehicle because of an "emergency," a question relevant to sentencing. We disapprove that ruling, reverse the order of dismissal, and remand this case to the district court for further proceedings.

Section 42–2–203, C.R.S.1973, grants the Colorado Department of Revenue, Motor Vehicle Division (DMV), authority to revoke the driver's license of an habitual traffic offender for a period of five years. An habitual traffic offender is any person who, after notice and administrative hearing, is found by the DMV to have sustained a designated number of convictions for specified traffic offenses within a prescribed period of time. Section 42–2–202, C.R.S.1973. Operation of a motor vehicle while such a revocation is in effect constitutes the class 5 felony of Driving After Judgment Prohibited. Section 42–2–206, C.R.S.1973.

The defendant's motion for judgment notwithstanding verdict was based upon the contention that one of the traffic offense convictions used by the DMV in determining his habitual traffic offender status was obtained in violation of his constitutional rights. The trial court found that it could not conclude from the evidence that the defendant had been advised of his constitutional rights pursuant to Crim.P. 11 or that he had waived those rights before offering the plea of guilty upon which the county court traffic offense conviction was based. Therefore, it set aside the jury's verdict of guilty in the instant case, and dismissed the case.

I.

The People urge that the trial court erred in permitting collateral attack on the traf-

fic offense conviction underlying the DMV's determination that the defendant is an habitual traffic offender. We have held recently that a defendant charged with Driving After Judgment Prohibited has the right to challenge such a traffic offense conviction based upon the contention that it was obtained in violation of his constitutional right to counsel. *People v. Roybal,* Colo., 618 P.2d 1121 (1980); *see People v. Able,* Colo., 618 P.2d 1110 (1980); *People v. Heinz,* 197 Colo. 102, 589 P.2d 931 (1979).

The defendant's challenge to his traffic offense conviction is based upon constitutional grounds and, therefore, must be considered. *People v. Roybal, supra.* A plea of guilty must be voluntarily and understandingly made if a conviction based upon that plea is to satisfy constitutional requirements. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971). Crim.P. 11 prescribes procedures to assure that those requirements are met before a plea of guilty is accepted. *See People v. Canino,* 181 Colo. 207, 508 P.2d 1273 (1973); *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972).

## II.

The question remains whether the trial court applied the proper standards for the burden of going forward with the evidence and the burden of proof in considering the constitutional validity of the defendant's traffic offense conviction. In *People v. Roybal, supra,* we held that the defendant must make a prima facie showing that a prior conviction is invalid in order to bar the use of that conviction in a later proceeding. Only after such a showing has been made do the People have the burden to establish that the conviction was constitutionally obtained. *Id.*

The record reflects that the trial court from the outset imposed upon the People the burden to show the constitutional validity of the defendant's traffic offense

conviction. We cannot conclude from the record that application of the proper standards would have produced the same result. For this reason, the judgment of the trial court must be reversed and the case remanded for further proceedings, utilizing the standards set out above. As part of such proceedings, the parties should be permitted to present additional evidence with respect to the constitutional validity of the traffic offense proceedings if they wish to do so.

## III.

Finally, we consider whether the method adopted by the trial court for making the factual determination of "emergency" was proper.

Section 42–2–206(1), C.R.S.1973, prescribes a mandatory sentence "except that, in a case where the defendant establishes that he had to drive the motor vehicle in violation of this [statute] because of an emergency, the mandatory prison sentence may not apply."

At the defendant's request, and over the objection of the district attorney, the trial court bifurcated the trial and permitted the question of emergency to be presented to the jury only after they had arrived at a verdict of guilty of the substantive offense. Then, using instructions and a special interrogatory, the trial court asked the jury to determine whether the defendant had established a condition of emergency by a preponderance of the evidence.

In our recent decision in *People v. McKnight,* Colo., 617 P.2d 1178 (1980), a case decided after the trial court's ruling here, we held that the issue of emergency should be decided by the trial judge at the sentencing hearing. We also held that the defendant must establish the fact of emergency by a preponderance of the evidence. Although we disapprove of the procedure adopted by the trial court, under the facts of this case it was not prejudicial to either party to allow the jury to determine the question of emergency. The defendant requested the procedure and the trial court

properly instructed the jury on the burden of proof. The jury then found the defendant had not driven because of an emergency.

We reverse the judgment and remand this case to the district court for further proceedings consistent with the views expressed in this opinion.

HODGES, C. J., does not participate.