**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Byron Eugene MEYERS, Defendant–Appellant.**

**No. 80SA75.**

Supreme Court of Colorado, En Banc.

Oct. 6, 1980.

Rehearing Denied Oct. 27, 1980.

---

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Richard G. Seymour, Designated Counsel, Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Robert Breindel, Deputy State Public Defender, Denver, for defendant–appellant.

QUINN, Justice.

Defendant–appellant, Byron Eugene Meyers (defendant), appeals his conviction of first degree burglary, claiming that prosecutorial misconduct before the grand jury vitiated the indictment returned against him and the prosecution's impeachment–use

of a prior felony conviction during trial deprived him of due process of law. We reverse and remand due to the admission of a constitutionally infirm prior felony conviction.

On December 27, 1977, three adult males entered the apartment of a couple in Colorado Springs, Colorado. Once the intruders were inside, a shooting spree resulted and one of the intruders was killed and both occupants wounded. The grand jury indicted the defendant on two counts of first degree assault, section 18–3–202(1)(d), C.R.S. 1973 (1978 Repl. Vol. 8); first degree burglary, section 18–4–202, C.R.S. 1973 (now in 1978 Repl. Vol. 8); second degree burglary, section 18–4–203, C.R.S. 1973 (now in 1978 Repl. Vol. 8); attempt to commit aggravated robbery, sections 18–2–101 and 18–4–302, C.R.S. 1973 (1978 Repl. Vol. 8); and commission of a crime of violence, section 16–11–309, C.R.S. 1973 (1978 Repl. Vol. 8).

The defendant filed a motion to quash the indictment on grounds of prosecutorial misconduct before the grand jury. The alleged misconduct consisted of the district attorney's reference, at one point in the grand jury proceeding, to the defendant as a "perpetrator"; his statement that the defendant had been arrested and jailed for the incident on December 27, 1977; and, finally, his use of the expression "I believe" when pointing out the significance of the evidence presented. The trial court denied the motion to quash.

Prior to trial the defendant filed a motion to suppress a Mississippi conviction for burglary in 1975 when he was 19 years old. The principal grounds of the suppression motion were that (1) the automatic admission of his prior felony conviction for impeachment purposes under section 13–90–101, C.R.S. 1973, violates due process of law unless the statute is construed to grant judicial discretion in the matter of admissibility, and (2) the defendant's 1975 conviction was obtained as a result of a guilty plea in derogation of his right to counsel and its admission at trial would violate due process of law.

At the hearing on the motion, the defendant testified that after his arrest in Mississippi he remained in the county jail for approximately seven months before appearing in court. He was unrepresented by counsel during this confinement. About ten minutes before his scheduled court appearance, an attorney appointed by the court contacted him. Apparently, a plea and sentence agreement had been arranged between the attorney and the prosecutor whereby the defendant would be credited with time served upon a plea of guilty to burglary. The attorney advised the defendant of this disposition in their brief discussion before appearing in court. The defendant pled guilty and received credit for time served in the county jail.

The defendant's testimony constituted the only evidence presented at the motion to suppress. Neither a transcript of the guilty plea nor a judgment of conviction was offered by the prosecution. The district attorney and defense counsel entered a stipulation, based on a telephone conference with the court reporter in Mississippi, that the defendant was not advised of the basic constitutional rights he waived by pleading guilty, nor the elements of the offense; however, the Mississippi judge did find the plea to be voluntary.

The trial court denied the motion to suppress. It concluded that the belated appointment of an attorney prior to the defendant's plea of guilty was sufficient, by itself, to satisfy the defendant's constitutional right to effective assistance of counsel. Also, the court attached no significance to the failure of the Mississippi court to advise the defendant of basic constitutional rights waived by the defendant upon pleading guilty and the elements of the offense.

At trial the defendant testified that his role in the incident of December 27, 1977, consisted of pointing out the apartment house to his two companions so that one of them could purchase marijuana from the occupants. The defendant testified that he was not armed and merely crossed the threshold of the home and went no further.

When he heard shots inside, he fled. On cross–examination the district attorney elicited from the defendant that he had been convicted of burglary in Mississippi in 1975. The jury found the defendant guilty of first degree burglary and the court sentenced him to a term of six to ten years.

## I. The Grand Jury Proceeding

The defendant asserts that the court erred in denying his motion to quash the grand jury indictment because it was obtained through prosecutorial misconduct amounting to a violation of due process of law. *U.S.Const.* Amend. XIV; *Colo.Const.* Art. II, Sec. 25. We find no due process violation in this case.

■■■ A prosecutor must exercise due care to assure that he does not unduly influence the grand jury, *ABA Standards Relating to the Prosecution Function* § 3–3.5(b) (1979), and grand jurors must remain free to reach their own conclusions based on the facts presented to them, *Stirone v. United States*, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). However, grand jurors, without legal assistance, often are unable to evaluate the massive amount of evidence presented to them. Section 20–1–106, C.R.S. 1973 (1978 Repl.Vol. 8), directs the district attorney to appear and *advise* the grand jury. *People ex rel. Losavio v. Gentry*, Colo., 606 P.2d 57 (1980). "Where the prosecutor is authorized to act as legal advisor to the grand jury, the prosecutor may appropriately explain the law and express an opinion on the legal significance of the evidence but should give due deference to its status as an independent legal body." *ABA Standards Relating to the Prosecution Function* § 3–3.5(a) (1979).

■■■ The defendant has failed to demonstrate any prosecutorial impropriety rising to the level of a due process violation. The prosecutor's statements–his reference to the defendant as a perpetrator; his mention that the defendant had been arrested and jailed; and his use of the statement "I believe" in referring to the significance of the evidence–were interspersed over several hours of grand jury proceedings. The challenged statements, within this context, are more akin to a legitimate attempt to assist the grand jury in evaluating the evidence than an improper attempt to influence its decision on that evidence. *See, e. g., United States v. United States District Court*, 238 F.2d 713 (4th Cir. 1956), *cert. denied sub nom., Valley Bell Dairy Co. v. United States*, 352 U.S. 981, 77 S.Ct. 382, 1 L.Ed.2d 365 (1957); *United States v. Rintelen*, 235 F. 787 (D.C.N.Y.1916); *Turpin v. State*, 206 Ind. 345, 189 N.E. 403 (1934). Moreover, the defendant has failed to make any showing of prejudice resulting from the prosecutor's statements and, in the absence of an evidential basis for relief, the motion to quash was properly denied. *See, e. g., United States v. Chanen*, 549 F.2d 1306 (9th Cir. 1977), *cert. denied*, 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 83 (1977); *United States v. International Paper Company*, 457 F.Supp. 571 (1978); *People v. Estep*, 196 Colo. 340, 583 P.2d 927 (1978), *cert. denied*, 440 U.S. 983, 99 S.Ct. 1796, 60 L.Ed.2d 245 (1979); *People v. Simbolo*, 188 Colo. 49, 532 P.2d 962 (1975).

## II. The Felony–Impeachment Statute

The defendant claims that section 13–90–101, C.R.S. 1973, deprives him of due process of law under the Fourteenth Amendment to the United States Constitution and Article II, Section 25, of the Colorado Constitution because the statute precludes the exercise of any judicial discretion in admitting prior felony convictions for purposes of impeachment. Consistently, we have rejected this argument and similar ones challenging the constitutionality of the statute. *E. g., People v. Layton*, Colo., 612 P.2d 83 (1980); *People v. Griffith*, 197 Colo. 544, 595 P.2d 231 (1979); *People v. Thompson*, 197 Colo. 299, 592 P.2d 803 (1979); *People v. Taylor*, 197 Colo. 161, 591 P.2d 1017 (1979); *People v. Montez*, 197 Colo. 126, 589 P.2d 1368 (1979); *People v. McKenna*, 196 Colo. 367, 585 P.2d 275 (1978); *People v. Henry*, 195 Colo. 309, 578 P.2d 1041 (1978); *Velarde v. People*, 179 Colo. 207, 500 P.2d 125 (1972). We are not persuaded that reconsideration of that issue is justified on the basis of the record here.

## III. *The Motion to Suppress*

Lastly, the defendant contends that the admission of his 1975 Mississippi conviction for impeachment purposes violated due process of law under the federal and state constitutions. *U.S.Const.* Amend. XIV; *Colo.Const.* Art. II, Sec. 25. We conclude that the prior felony conviction was inadmissible for two reasons. First, the defendant made a prima facie showing that he was denied effective assistance of counsel in entering the plea of guilty and the prosecution offered no evidence to controvert that showing and to establish the constitutional admissibility of the prior felony. Second, the Mississippi court's failure to advise the defendant of his basic constitutional rights, and the elements of the crime to which he pled, rendered the plea constitutionally defective and the conviction thereon inadmissible.

### A. *The Right to Counsel*

In *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the United States Supreme Court held that due process of law is violated when the state utilizes a prior felony conviction obtained in violation of the right to counsel in order to support guilt or enhance punishment in a subsequent criminal prosecution. *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), extended the *Burgett* principle to include the impeachment–use of a similarly infirm conviction at trial and relied upon the rationale offered by the First Circuit Court of Appeals in *Gilday v. Scafati*, 428 F.2d 1027, 1029 (1st Cir. 1970), *cert. denied*, 400 U.S. 926, 91 S.Ct. 188, 27 L.Ed.2d 186 (1970):

> "We conclude that the *Burgett* rule against use of uncounseled convictions 'to prove guilt' was intended to prohibit their use 'to impeach credibility', for the obvious purpose and likely effect of impeaching the defendant's credibility is to imply, if not prove, guilt. Even if such prohibition was not originally contemplated, we fail to discern any distinction which would allow such invalid convictions to be used to impeach credibility. The absence of counsel impairs the reliability of such convictions just as much when used to impeach as when used as direct proof of guilt."

Such convictions lack reliability, whether they result from a trial at which the accused is denied counsel, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Gilday v. Scafati, supra*, or from an uncounseled plea of guilty, *People v. Morrison*, 196 Colo. 319, 583 P.2d 924 (1978).

In seeking suppression of such a conviction, the defendant has the burden of making a prima facie showing that the prior conviction violated his constitutional right to counsel. *People v. Morrison, supra; People v. Woll*, 178 Colo. 443, 498 P.2d 935 (1972). Once the defendant makes such a showing, the burden then devolves upon the prosecution to establish the constitutional validity of the prior conviction as a condition precedent to admissibility. *People v. Morrison, supra; People v. Woll, supra.* Recently, we extended these evidential rules to prosecutorial use of a prior conviction in proving a prior status–habitual traffic offender, section 42–2–203, C.R.S. 1973–as a predicate for a criminal offense–driving after judgment prohibited, section 42–2–206, C.R.S. 1973. *People v. Roybal*, Colo., 617 P.2d 800 (1980); *People v. Roybal*, Colo., 618 P.2d 1121 (1980); *see also, People v. Able*, Colo., 618 P.2d 1110 (1980); *People v. Heinz*, 197 Colo. 102, 589 P.2d 931 (1979). We now hold that where the defendant does make a prima facie showing of constitutional invalidity, the prosecution's burden is to establish by a preponderance of evidence the constitutional validity of a prior felony conviction before that conviction may be used for impeachment purposes. *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); *People v. Smith*, 179 Colo. 413, 500 P.2d 1177 (1972).

The constitutional right to counsel encompasses a guarantee that defense counsel shall have sufficient time to prepare for scheduled proceedings and to protect his client's constitutional rights. *Reece v. Georgia*, 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77 (1955); *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *People v.*

*O'Neill,* 185 Colo. 202, 523 P.2d 123 (1974). The arraignment of an accused is a critical stage of the proceeding, *Hamilton v. Alabama,* 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), especially where substantial rights of the accused are affected by the entry of a guilty plea, *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), and the court immediately considers the question of sentencing, *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Effective assistance of counsel in such circumstances requires that an appointed attorney be afforded a reasonable opportunity for consultation with the accused in order to arrive at an understanding of the case, to inform the accused of his constitutional rights, and to offer him knowledgeable advice about a plea. *King v. Beto,* 429 F.2d 221 (5th Cir. 1970), *cert. denied,* 401 U.S. 936, 91 S.Ct. 921, 28 L.Ed.2d 216 (1971); *Coles v. Peyton,* 389 F.2d 224 (4th Cir. 1968), *cert. denied,* 393 U.S. 849, 89 S.Ct. 80, 21 L.Ed.2d 120 (1968); *Edgerton v. State,* 315 F.2d 676 (4th Cir. 1963).

A late appointment, *per se,* does not violate the constitutional right to counsel; rather, it should be considered with other attendant circumstances, such as the gravity of the charge, the complexity of the case, the experience and knowledge of the attorney, and the opportunity for consultation and preparation. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Moore v. United States,* 432 F.2d 730 (3rd Cir. 1970). However, where a last minute appointment results in a *proforma* entry of appearance without preparation or meaningful consultation with the accused, such token representation raises a strong inference, if not an outright presumption, that the accused has been denied effective assistance of counsel. *E. g., United States v. Knight,* 443 F.2d 174 (6th Cir. 1971); *Rastrom v. Robbins,* 440 F.2d 1251 (1st Cir. 1971), *cert. denied,* 404 U.S. 863, 92 S.Ct. 53, 30 L.Ed.2d 107 (1971); *United States ex rel. Mathis v. Rundle,* 394 F.2d 748 (3d Cir. 1968); *Turner v. State,* 303 F.2d 507 (4th Cir. 1962); *United States ex rel. Kimbrough v. Rundle,* 293 F.Supp. 839 (E.D. Pa.1968).

We are satisfied that the defendant in this case met his threshold burden of establishing a prima facie case that his prior conviction was obtained in derogation of his right to counsel. The evidence elicited at the suppression hearing established that the Mississippi judge appointed an attorney just a short time before a scheduled court appearance on a charge for which the defendant had been arrested seven months previously and had been held in custody during that period without the benefit of counsel. Although the attorney advised the defendant of the proposed disposition, he apparently did not discuss anything else with the defendant during the ten–minute, pre–plea conversation. The record furnishes no evidence to conclude that the attorney or anyone else ever advised the defendant of basic constitutional rights attaching to a criminal prosecution. The mere fact that an attorney was physically present on behalf of the defendant at the entry of the guilty plea is not sufficient to overcome the defendant's prima facie showing of ineffective assistance of counsel.

### B. The Defective Providency Hearing

The stipulation of the prosecutor and defense counsel relative to the plea of guilty furnishes an additional basis of exclusion. As we held recently in *People v. Roybal,* —— Colo. ——, 617 P.2d 800 (1980) "[a] plea of guilty must be voluntarily and understandingly made if a conviction based upon that plea is to satisfy constitutional requirements" of admissibility in a subsequent criminal proceeding.

In the instant case the parties stipulated that the Mississippi court, in accepting the defendant's plea, failed to advise the defendant that by pleading guilty he waived his constitutional right of trial by jury and other rights incident thereto. Such an infirmity is of constitutional magnitude.

"Several federal constitutional rights are involved in a waiver that takes place

when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self–incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 .... Second, is the right to trial by jury. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 .... Third, is the right to confront one's accusers. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 .... We cannot presume a waiver of these three important federal rights from a silent record." *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279–80 (1969).

A plea of guilty also involves a waiver of other constitutional rights: the right to insist upon the prosecution's proof of guilt beyond a reasonable doubt at trial, *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); the right to present witnesses in one's own behalf through the use of compulsory process, *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); the right to testify on one's own behalf, *Ferguson v. Georgia*, 365 U.S. 570, 81 S.Ct. 756, 5 L.Ed.2d 783 (1961); and the right to a speedy and public trial, *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). *See ABA Standards Relating to Pleas of Guilty* § 14–1.4 (1979). In the face of a silent record, it was incumbent upon the prosecution to demonstrate by considerably greater evidence than present here that the defendant's guilty plea was knowingly made. *See People v. Randolph*, 175 Colo. 454, 488 P.2d 203 (1971); Erickson, *An Overview of the ABA Standards*, 12 Amer.Crim.L.Rev. 277, 290–94 (1974); Erickson, *The Finality of a Plea of Guilty*, 48 Notre Dame Law. 835 (1973).

Moreover, the parties stipulated that when the defendant pled guilty, the court did not advise him of the elements of the offense. An awareness by the accused of the general nature of the offense is no substitute for actual notice of the true nature of the charge against him–"the first and most universally recognized requirement of due process." *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859, 862 (1941); *accord, Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *People v. Riney*, 176 Colo. 221, 489 P.2d 1304 (1971); *People v. Randolph*, *supra*. The facial invalidity of the guilty plea taken without judicial advisement to the accused of the elements of the offense is patent, and such defect rendered any conviction thereon constitutionally inadmissible in the trial of this case.

Because the prosecution did not offer evidence sufficient to overcome the prima facie showing of constitutional invalidity and did not establish by a preponderance of evidence the constitutional validity of the prior conviction, the trial court erred in denying the defendant's motion to suppress. Under the evidential posture of this case, the issue of credibility was crucial to the jury's resolution of the matter and, therefore, the error cannot be considered harmless. *Loper v. Beto*, 405 U.S. at 483 n. 12, 92 S.Ct. at 1019 n. 12, 31 L.Ed.2d at 381 n. 12; *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Accordingly, the judgment is reversed and the cause remanded for a new trial.