The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Johnny Estevan CISNEROS, Defendant-Appellant.

Nos. 81CA0367, 81CA0752.

Colorado Court of Appeals, Div. III.

Feb. 17, 1983.

Rehearing Denied March 24, 1983.

Certiorari Denied (Cisneros) June 20, 1983.

Certiorari Granted (People) June 20, 1983.

J.D. MacFarlane, Atty. Gen., Richard Hennessey, Deputy Atty. Gen., Mary Mullarkey, Sp. Asst. Atty. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant, Johnny Estevan Cisneros, appeals his jury conviction of second degree burglary and of habitual criminal pursuant to the habitual criminal act, § 16–13–101 et seq., C.R.S.1973 (1978 Repl.Vol. 8) (1982 Cum.Supp.). We affirm in part and reverse in part.

The record discloses the following facts. During the night of April 20, 1980, the residents of a Colorado Springs home discovered defendant hiding under a bed in an unoccupied bedroom. Police officers were summoned, and an information alleging second degree burglary was filed against him. The information also requested sentencing pursuant to the habitual criminal act because of alleged felony convictions of defendant in 1973 and 1976. The 1976 con-

viction resulted from a plea of guilty to the offense of second degree burglary.

Prior to trial, defendant moved to dismiss the habitual criminal act counts, asserting that because the trial court conducting the providency hearing failed to comply with the then applicable provisions of Crim.P. 11, his 1976 guilty plea was not entered knowingly and voluntarily. The trial court denied this motion, stating that at the time of the 1976 hearing, "the defendant knew precisely what he was doing . . . ."

Trial to a jury commenced January 7, 1981. On January 9, 1981, the jury foreman informed the trial court that "the jury is at a complete impasse on attempting to reach a verdict." A mistrial was declared, and a new trial commenced March 2, 1981.

Defendant again unsuccessfully requested dismissal of the habitual criminal act counts. He was convicted of second degree burglary, and was found to be subject to the provisions of the habitual criminal act.

## I. DECLARATION OF MISTRIAL

Defendant contends that the trial court erred in granting a mistrial in January 1981 and that his retrial constituted double jeopardy. We disagree.

■ When a criminal trial is terminated by a trial court because the jury cannot reach a verdict, reprosecution of an accused is not barred by the doctrine of double jeopardy. *Ortiz v. District Court,* 626 P.2d 642 (Colo.1981). Absent an abuse of discretion, the discharge of a jury and a declaration of mistrial for inability to reach a unanimous verdict does not constitute error. *Barriner v. District Court,* 174 Colo. 447, 484 P.2d 774 (1971). The trial court here questioned the jury foreman regarding the progress of the jury's deliberations, and, based on these inquiries and upon comments by both counsel, concluded that a declaration of mistrial was a manifest necessity. The record reveals that the trial court did not abuse its discretion in reaching this conclusion; hence, defendant's retrial did not subject him to double jeopardy. *Barriner v. District Court, supra.*

## II. INSTRUCTIONS

■ Defendant also contends that the jury instructions respecting specific intent and describing the elements of theft were improper. Defendant did not object to these instructions at trial, did not offer alternative instructions at trial, and did not include these asserted errors in his motion for new trial and judgment of acquittal. Hence, absent plain error, any defect in the instructions must be deemed harmless. Crim.P. 52; *People v. Mattas,* 645 P.2d 254 (Colo.1982).

■ The trial court's instruction defining specific intent was substantially similar to an instruction on this issue approved by our Supreme Court in *People v. Mack,* 638 P.2d 257 (Colo.1981). The trial court's theft instruction contained the words of the relevant statute and thus adequately apprised the jury of the requisite *mens rea. People v. Gresham,* 647 P.2d 243 (Colo.App.1981). Hence, these instructions did not constitute plain error.

## III. HABITUAL CRIMINAL SENTENCE

Defendant finally contends that he was not adequately advised pursuant to Crim.P. 11 when he entered a plea of guilty to the offense of second degree burglary in 1976; that this plea was not knowingly entered; and that, therefore, that conviction may not be used as a basis for his sentence enhancement under the habitual criminal act. We agree.

■ A prior conviction obtained in violation of a constitutional right cannot be used to enhance punishment under the habitual criminal act. *Watkins v. People,* 655 P.2d 834 (Colo.1982). A plea of guilty must be entered voluntarily and with full understanding of the essential elements of the offense to withstand constitutional scrutiny. Crim.P. 11; *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Watkins v. People, supra; People v. Roybal,* 617 P.2d 800 (Colo.1980).

■ Crim.P. 11 sets forth procedures designed to assure that constitutional requirements are satisfied before a plea of guilty is accepted. *People v. Roybal, supra.* Crim.P. 11(b) states in pertinent part that "the court shall not accept a plea of guilty ... without ... determining ... [t]hat the defendant understands the nature of the charge *and the elements of the offense to which he is pleading* ...." (emphasis added) Thus, in determining whether a tendered plea of guilty is made voluntarily and with the requisite knowledge of the normative standards allegedly violated, the trial court must explain the critical elements of the offense charged, as defined by the General Assembly, to the defendant "in terms which are understandable to the defendant ...." *People v. Cumby,* 178 Colo. 31, 495 P.2d 223 (1972). The record of the providency hearing must also reveal that the defendant in fact understood the elements of the offense. *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972).

■ The record of the 1976 providency hearing reveals the following pertinent colloquy between the trial court and defendant respecting the elements of the offense of second degree burglary:

THE COURT: It says here that on the 1st day of June of this year, ... you unlawfully and feloniously entered a building, ... and that you intended to commit the crime of theft from that building.

Do you understand you're saying, "Yes, I did that."?

THE DEFENDANT: Yes.

THE COURT: Did you in fact do that?

THE DEFENDANT: Yes."

....

THE COURT: ... Did you have permission to enter in the back window?

THE DEFENDANT: No.

THE COURT: And you knew that you were committing a crime when you did that, is that right?

THE DEFENDANT: Yes.

THE COURT: Did you intend to steal those purses? Did you intend to steal something when you got in?

THE DEFENDANT: Yes.

THE COURT: You intended to steal whatever you'd find, I assume; is that correct?

THE DEFENDANT: I was just there going to get some money.

While these discussions adequately established a factual basis for the alleged offense, at no time did the trial court either describe the elements of second degree burglary or ascertain whether defendant understood those elements. We recognize that in some circumstances the reading of the charge alone may satisfy the requirements of Crim.P. 11. *People v. Moore,* 636 P.2d 1290 (Colo.App.1981). However, the mere reading of a charge contained in an information is not sufficient if the language of the information fails to refer to essential elements of the alleged offense. *See Watkins v. People supra.*

Here, the information did not refer to the mental state of knowing conduct required for conviction of second degree burglary under § 18–4–203, C.R.S.1973 (1978 Repl. Vol. 8). Nor did the trial court describe the statutory requirement that the entry be obtained without authorization. Defendant's answers to the trial court's inquiries do not establish that he knew and understood the essential elements of that offense. Hence, it cannot be concluded that defendant's plea of guilty in 1976 was entered knowingly and voluntarily, *Watkins v. People, supra,* and the trial court erred in considering such conviction for purposes of sentencing under the provisions of the habitual criminal act.

The judgment of conviction of second degree burglary is affirmed. The judgment declaring defendant an habitual criminal is reversed, and the cause is remanded to the trial court with directions to vacate the sentence imposed and to impose a new sentence consonant with this decision.

TURSI, J., specially concurs.

BERMAN, J., dissents.

TURSI, Judge, specially concurring.

Because I agree that the instruction on theft, given by the trial court, when read in its entirety, does not rise to the level of plain error, I do concur. However, because the instruction is suspectible to a reading which erroneously states the law. I would disapprove of its use.

The instruction given, which substantially tracks *Colo.J.I.Crim.* 16.1, reads as follows:

"A person commits the crime of theft if;

He knowingly obtains or exercises control over anything of value of another without authorization; and intends to deprive such other person of the use or benefit of the thing of value.

The elements of theft are therefore:
1) Knowingly:
   a) obtaining or exercising control over
   b) anything of value of another
   c) which is the property of another
2) Without authorization
3) With specific intent to deprive such other person permanently of the use or benefit of the thing of value."

Although the first full paragraph accurately follows the pertinent part of the theft statute, § 18–4–401, C.R.S.1973 (1978 Repl.Vol. 8), the next paragraph breaking down the elements may be read so as to require no· culpable mental state for the element "without authorization." This interpretation is inconsistent with the plain wording of the statute and should not be used.

To avoid this problem, I suggest the following simple changes in the form of the instruction:

A person commits the crime of theft if:

He knowingly obtains or exercises control over anything of value of another without authorization; and intends to deprive such other person of the use or benefit of the thing of value.

The elements of theft are therefore:
1) Knowingly:
   a) obtaining or exercising control over
   b) anything of value of another
   c) which is the property of another

d) without authorization
2) With specific intent to deprive such other person permanently of the use or benefit of the thing of value. (changes emphasized)

BERMAN, Judge, concurring in part and dissenting in part.

I concur in parts I and II of the majority opinion, but I dissent as to part III. The majority acknowledges that the discussion between the judge and defendant established "a factual basis for the alleged offense." However, the majority reverses the habitual criminal conviction because the trial court did not "describe the statutory requirement that the entry be obtained without authorization" and that the defendant's answers to the court's questions "do not establish that [defendant] knew and understood the essential elements of that offense."

"A person acts 'knowingly' or 'wilfully' with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists. A person acts 'knowingly' ... with respect to a result of his conduct, when he is aware that his conduct ·is practically certain to cause the result." Section 18–1–501, C.R.S. 1973 (1978 Repl.Vol. 8). Not only did the answers of the defendant demonstrate a knowledge of what he did but in my view his answers demonstrated a higher degree of blameworthiness, to wit: specific intent.

Furthermore, when defendant responded negatively to the trial court's question as to whether he had permission to enter in the back window, he demonstrated that he knew that he had no authorization to enter, for permission means authorization. Webster's New International Dictionary (2d ed. 1938). The record also reveals, in that part not quoted in the majority opinion, that the defendant knew that when he entered the house it was inhabited by sleeping people, and knew that he entered for the purpose of getting money, which he accomplished by taking two purses and leaving the premises.

The majority refers to Crim.P. 11(b) which requires the court not to accept a plea of guilty without determining that the defendant understands the nature of the charge and the elements of the offense to which he is pleading. Here, the defendant answered in layman's language to his understanding of the nature of the charge and the elements of the offense. This was sufficient because no specific ritual is required in complying with this rule. *People v. Canino,* 181 Colo. 207, 508 P.2d 1273 (1973).

The majority's reliance upon *Watkins v. People* is misplaced. The reason the reversal was granted in that case was explained by the court as follows: "The crime of conspiracy is a crime of specific intent and its elements are not readily understandable without further explanation." That is not the case with second degree burglary which is one of the most understandable of crimes. *See* § 18–4–203(1), C.R.S.1973 (1978 Repl. Vol. 8).

Further, the defendant was originally charged with burglary as a class three felony, but the People as a concession amended the charge to a class four felony. *See* § 18–4–203(2), C.R.S.1973 (1978 Repl.Vol. 8). Under these circumstances, "[i]f he ever had a serious objection to the 1976 plea, this fact should have been made known long before he used the plea as a tool for avoiding a more serious conviction .... [i]t would be the height of sophistry to vacate the defendant's plea of guilty." *People v. Bernard,* 656 P.2d 695 (Colo.1983).

If the law requires a reversal under these circumstances, then indeed, Mr. Bumble's cynical remark was prophetic. I would affirm the judgment in its entirety.