**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Charles WADE, Defendant-Appellee.**

No. 83SA479.

Supreme Court of Colorado, En Banc.

Nov. 18, 1985.

Rehearing Denied Dec. 9, 1985.

---

Dennis E. Faulk, Dist. Atty., Jeffrey Manning, Deputy Dist. Atty. Canon City, for plaintiff-appellant.

David F. Vela, State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellee.

KIRSHBAUM, Justice.

The People appeal the trial court's pretrial order dismissing two counts of an information charging the defendant, Charles Wade, with several violations of the habitual criminal statute, § 16–13–101, 8 C.R.S. (1985 Supp.).[1] The trial court concluded that the guilty pleas underlying the relevant convictions were constitutionally infirm. We disapprove the order of dismissal.

1. Defendant was tried and acquitted of the offense charged in the information. In the absence of a conviction for some substantive offense, enhanced punishment under the habitual criminal statute cannot be imposed. According-ly, the issue of whether the trial court improperly dismissed the counts relating to the habitual criminal charge is solely a question of law subject to review pursuant to § 16–12–102, 8 C.R.S. (1978).

On February 14, 1983, the People filed an information alleging in counts five and six thereof that on March 23, 1982, the defendant entered pleas of guilty to two separate offenses of assault in the first degree.[2] So far as is disclosed by the record, the judge who accepted the two guilty pleas underlying those counts did not at any time affirmatively advise the defendant that at any trial the prosecution had the burden of proving the elements of each offense charged beyond a reasonable doubt.

Prior to trial, the defendant filed a motion to dismiss all of the counts that alleged prior felony convictions on the ground that each such conviction was the result of a guilty plea made without sufficient knowledge of the consequences thereof and, therefore, constitutionally invalid. After a hearing, the trial court granted the motion in part, dismissing counts five, six and one additional count. The trial court found that prior to the March 1982 advisement the defendant had, in other criminal proceedings, been advised of the nature of the prosecution's burden of proof. The trial court then concluded that *People v. Meyers*, 617 P.2d 808 (Colo.1980), required dismissal of the two counts.[3] We find the trial court's reliance upon *Meyers* to be misplaced, and conclude that the record in this case does not support the trial court's determination that the defendant's 1982 guilty pleas were constitutionally invalid.

■ Because the habitual criminal statute has the effect of increasing the penalty imposed upon a defendant for a substantive offense if the defendant has previously been convicted of criminal conduct, such convictions are subject to collateral attack on constitutional grounds. *People v. Lesh*, 668 P.2d 1362 (Colo.1983); *Watkins v. People*, 655 P.2d 834 (Colo.1982). A defendant seeking to set aside a prior conviction obtained as the result of the entry of a guilty plea must initially make a prima facie showing that the guilty plea was constitutionally infirm; only when the defendant has satisfied this initial evidentiary requirement is the prosecution required to establish by a preponderance of the evidence that the guilty plea did not violate constitutional due process standards. *Watkins*, 655 P.2d 834; *People v. Roybal*, 617 P.2d 800 (Colo.1980).

■ A guilty plea must be given voluntarily and with an understanding of the consequences of such plea. *See Watkins*, 655 P.2d 834; *Roybal*, 617 P.2d 800; *People v. Marsh*, 183 Colo. 258, 516 P.2d 431 (1973); *Westendorf v. People*, 171 Colo. 123, 464 P.2d 866 (1970). The providency hearing is the procedural mechanism designed to facilitate judicial assessment of a defendant's state of mind when tendering a guilty plea. *See Lesh*, 668 P.2d 1362. Thus, while no uniform "formal ritual" need be followed by the trial court, *Lesh*, 668 P.2d 1362; *Marsh*, 183 Colo. 258, 516 P.2d 431, the record of the trial court proceedings must contain sufficient evidence to enable a reviewing court to determine whether the defendant's plea was entered voluntarily and understandingly. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *see Lesh*, 668 P.2d 1362.

In *Boykin*, the Supreme Court held that a reviewing court cannot presume from the mere fact that a guilty plea was entered that the defendant had waived his or her

---

**2.** Defendant was charged with a total of six counts, two of which were substantive offenses. The information also contained two other counts alleging prior felony convictions and a request for sentencing under the habitual criminal statute.

**3.** It is not clear whether the trial court concluded that the absence of specific judicial advisement about the prosecution's burden of proof was the impermissible defect or whether the failure of the judge who conducted the providency hearing to make a determination that the defendant understood such burden of proof requirement was deemed the fatal flaw. The trial court simply found that the right to require proof by the prosecution beyond a reasonable doubt was not "discussed" at the defendant's providency hearing.

fundamental constitutional rights.[4] The record of the trial court proceedings in that case contained no evidence of any colloquy at all between the trial court and the defendant at the time the guilty plea was offered and accepted. The Supreme Court concluded that, in the absence of evidence in the record of whether the defendant's guilty plea was made voluntarily and understandingly, the plea must be set aside.

The significance of the decision by a defendant to abjure fundamental constitutional protections afforded all citizens has been recognized legislatively in Colorado by the adoption of section 16–7–207, 8 C.R.S. (1978).[5] Crim.P. 11(b)(3) specifically directs trial courts, prior to acceptance of a guilty plea, to determine that the defendant "understands the right to trial by jury and that he waives his right to trial by jury on all issues."[6] This appeal raises the question of whether the record in this case supports the trial court's conclusion that the defendant's guilty pleas to first degree assault charges were not made voluntarily and understandingly.

The defendant argues, as he did before the trial court, that Boykin, 395 U.S. 238, 89 S.Ct. 1709, and Meyers, 617 P.2d 808, establish the principle that the record must reveal a specific waiver by the defendant of the right to require the prosecution to prove guilt beyond a reasonable doubt. The argument appears to proceed along these lines: Boykin requires judicial determination that a defendant tendering a plea of guilty specifically waives his right to trial by jury; Crim.P. 11 contains an identical requirement; the requirement of proof beyond a reasonable doubt is a constitutionally required essential ingredient of every criminal trial; in the absence of evidence of a specific advisement of the nature of such burden of proof, a record cannot be said to contain evidence that the defendant understood his right to trial by jury and, therefore, cannot support a conclusion that the plea was made with an understanding of such right.

We agree only with the proposition that in criminal trials the prosecution must meet the proof beyond a reasonable doubt standard. In Marsh, 183 Colo. 258, 516 P.2d 431, this court held that Boykin did not require a specific waiver of even the three constitutional rights highlighted in the Boykin opinion. Accord Stinson v. Turner, 473 F.2d 913 (10th Cir.1973).[7] We also indicated in Marsh that compliance with Crim.P. 11 would normally satisfy subse-

**4.** The Boykin court specified three constitutional rights waived by a defendant who tenders a guilty plea: the privilege against compulsory self-incrimination; the right to trial by jury; and the right to confront one's accusers. Boykin, 395 U.S. at 243, 89 S.Ct. at 1712.

**5.** Section 16–7–207 provides in pertinent part:
(1) At the first appearance of the defendant in court, or upon arraignment, whichever is first in time, it is the duty of the judge to inform the defendant and make certain that he understands the following:
. . . .
(f) He has a right to a jury trial.
(2) The court shall not accept a plea of guilty or nolo contendere (no contest) without first determining that the defendant is advised of all the matters set forth in subsection (1) of this section and also determining:
. . . .
(c) That he understands the right to trial by jury. . . .

**6.** Crim.P. 11(b) also requires an initial judicial determination that a defendant who tenders a

guilty plea "has been advised of all the rights set forth in Rule 5(a)(2)." Crim.P. 5(a)(2) requires the court, at a defendant's first appearance in criminal proceedings, "to inform the accused of and make certain that he understands" several aspects of the criminal justice process, including the fact that the accused "has a right to a jury trial."

The judge presiding at the providency hearing which resulted in the acceptance of the two guilty pleas at issue here expressly advised the defendant of this right, and the defendant stated that he understood that right in response to a specific inquiry by the judge.

**7.** A minority of jurisdictions have concluded that Boykin requires express advisement of the constitutional rights therein listed. See generally J. Bond, Plea Bargaining and Guilty Pleas § 3.08[1] and [2] (1978).

quent constitutional challenges to a guilty plea. In *Meyers* and in *Lesh* we noted additional constitutional rights which are deemed waived when a tendered guilty plea is accepted; however, neither of those decisions suggested that specific advisement of each of those additional rights was constitutionally required, and *Lesh* reiterated the principle that compliance with Crim.P. 11 normally would satisfy constitutional due process safeguards. Those decisions do not support the defendant's assertion that when the record of providency proceedings contains no evidence of any reference to the prosecution's burden of proof in criminal trials, any guilty plea accepted during such proceedings must be deemed constitutionally invalid. The decisions do suggest, however, that a record of a providency hearing demonstrating compliance with Crim.P. 11 should be deemed supportive of the conclusion that the defendant did enter his or her guilty plea voluntarily and understandingly.

Applying these principles to this case, we conclude that the defendant failed to establish a prima facie showing that his plea was constitutionally infirm. The judge at the providency hearing did comply with Crim.P. 11, and the record of that hearing reflects that the defendant understood and voluntarily waived his right to a trial by jury with respect to the two first degree assault charges. The record before the trial court also contained evidence, as the trial court found, that in criminal proceedings held several years prior to the providency hearing here scrutinized the defendant had been advised specifically of the nature of the prosecution's burden of proof in criminal trials. The defendant offered no other evidence to establish that his guilty pleas were not made voluntarily and understandingly. We conclude that the defendant failed to establish a prima facie case that his guilty pleas were not made in compliance with due process requirements. The trial court erred in concluding that *Meyers* requires specific judicial advise-

ment prior to acceptance of a tendered guilty plea of the nature of the prosecution's burden of proof in criminal trials.

The order of the trial court dismissing counts five and six of the information is disapproved.