**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Joseph Richard GIES,**
**Defendant-Appellant.**

**No. 85CA1406.**

Colorado Court of Appeals,
Div. I.

Jan. 29, 1987.

Rehearing Denied March 26, 1987.

Certiorari Denied (Gies) May 26, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Joseph Richard Gies, pro se.

PIERCE, Judge.

Defendant, Joseph Richard Gies, appeals an order of the trial court denying his Crim.P. 35(c) motion. He contends his attorneys failed to render effective assistance, both at the time of his plea and during his Crim.P. 35(c) hearing. We affirm.

Defendant was charged with attempted first degree murder, first degree assault, and mandatory sentence for a violent crime. He pleaded guilty to second degree assault and mandatory sentence for violent crime, and the attempted first degree murder and first degree assault charges were dismissed. He was sentenced to a term of imprisonment of six years and ordered to pay restitution.

These post-conviction proceedings followed.

### I.

We reject defendant's contention that his plea of guilty to second degree assault and mandatory sentence for violent crime was involuntary and resulted from threats and coercion by his trial attorneys.

Defendant wished to present a self defense argument which his attorneys did not believe had a factual basis. The attorneys informed the defendant that if he intended to present perjured testimony, they would be forced to withdraw from representing him on ethical grounds. *See* Code of Professional Responsibility, DR7–102(A)(4). Defendant argues the threat to withdraw three days before trial caused him to enter an involuntary plea of guilty.

At the hearing on the post-conviction motion, both of defendant's trial attorneys testified that they had been ready to go to trial. They stated the only reason they would have withdrawn would have been if defendant had insisted on presenting perjured testimony. Hence, defendant's allegations that his attorneys premised further representation upon entry of a guilty plea is without support in the record. Moreover, defendant's argument that he had not authorized plea negotiations was refuted by the testimony of his attorneys.

The record supports the trial court's conclusion that the plea of guilty was entered freely, voluntarily, and knowingly. *See generally People v. Wade*, 708 P.2d 1366 (Colo.1985). The plea agreement was explained at length to the defendant by his attorneys. He was afforded an opportunity to discuss the proposal with his wife. He was told the decision whether to enter a guilty plea was his alone to make. After full disclosure and a reasonable amount of time to contemplate, the defendant decided to accept the plea agreement.

We conclude the plea agreement was freely, knowingly, and voluntarily entered into by defendant and was not the product of force, threats, or coercion. Hence, the trial court properly refused to set aside the guilty plea on these grounds.

### II.

Defendant next contends he did not receive effective assistance of counsel, either prior to entering his guilty plea or at his post-conviction hearing. He alleges his attorneys failed to investigate possible defenses, failed to advise him of his rights, and generally provided inadequate representation.

In a Crim.P. 35 proceeding, the defendant has the burden to show inadequate representation, and a conviction will not be set aside unless, based on the record as a whole, there was a denial of fundamental fairness. *People v. Dillard*, 680 P.2d 243 (Colo.App.1984). A review of the record in this case does not support the defendant's claim.

Defendant's trial attorneys testified that all viable defenses to the charges were considered. Defendant's fundamental rights were explained to him on numerous occasions by his attorneys and during the Crim.P. 11 advisement by the court. His attorneys believed no factual basis existed to support his claim of self defense and, therefore, refused to take part in presentation of such a claim. *See Nix v. Whiteside*, 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986); *People v. Schultheis*, 638 P.2d 8 (Colo.1981). Code of Professional Responsibility, DR7–102(A)(6).

There is no suggestion in the record that the defense attorneys' representation was anything less than competent. Trial counsel expended considerable time and effort in preparing for trial and provided effective assistance of counsel to the defendant in negotiating the plea agreement.

Likewise, his allegations of ineffective assistance of his other counsel at his post-conviction hearing are not supported by the record. The determination not to attack the Crim.P. 11 advisement was a tactical one, and counsel correctly noted no infirmity existed in the advisement. The remaining contentions of defendant, *i.e.*, failure to present certain testimony or argue certain case law, also fall within the tactical discretion of counsel, and no abuse of that discretion is apparent. His claims of ineffective assistance of counsel at the post-conviction hearing are without merit.

### III.

Finally, defendant argues the requirement of restitution was improper because he was not advised it was part of the plea agreement. The record discounts this argument. The prosecutor stated that restitution was part of the plea bargain prior to the Crim.P. 11 advisement. At sentencing, defendant offered to make restitution. Accordingly, he cannot convincingly assert he had no knowledge that restitution would be imposed.

Order affirmed.

KELLY and METZGER, JJ., concur.