**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

**v.**

**Pete James CUMMINGS,**
**Defendant–Appellant.**

**No. 86CA0163.**

Colorado Court of Appeals,
Div. I.

June 2, 1988.

As Modified on Denial of Rehearing
June 30, 1988.

Rehearing Denied Sept. 29, 1988.

Certiorari Granted (Cummings)
Feb. 6, 1989.

---

**719**

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Barry E. Glasgow, Brighton, for defendant-appellant.

PLANK, Judge.

Defendant, Pete James Cummings, appeals the judgment of conviction entered on a jury verdict finding him guilty of two counts of first degree murder. We affirm.

## I.

Defendant first contends that he was deprived of effective assistance of counsel by his attorneys' failure to attack collaterally his prior felony conviction in a timely manner. Defendant asserts that this failure prevented him from testifying in his own behalf, for fear of impeachment by the prior conviction. However, there was no showing that defendant's testimony would have created a reasonable doubt about his guilt. Because defendant did not testify at trial, and did not make an offer of proof as to what his testimony would have been, we are unable to determine whether defendant was prejudiced by the alleged deficiency in counsel's representation of him. *Cf. Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).

In addition, we obviously have no way of ascertaining whether defendant's prior felony conviction would have been suppressed

on the merits. Thus, we cannot determine from this record whether the result of the proceeding would have been different if defendant's counsel had attacked the prior conviction in a timely manner. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *People v. Gies,* 738 P.2d 398 (Colo.App.1987).

## II.

Defendant next contends that the trial court erred in ruling that defendant waived the marital privilege with respect to the testimony of his wife. We disagree.

■ The waiver of a testimonial privilege may be express or implied. Implied waiver is shown by evidence that the privilege holder, by words or conduct, has impliedly forsaken his claim of confidentiality with respect to the communication in question. *Miller v. District Court,* 737 P.2d 834 (Colo.1987). The burden of establishing a waiver is on the party seeking to overcome the privilege. *Clark v. District Court,* 668 P.2d 3 (Colo.1983).

■ Here, defense counsel in their opening statement accused defendant's wife of the murders. Defense counsel described her motive, opportunity, method, and the direct evidence of her guilt which they expected to show. Defense counsel also stated that although defendant was guilty of being an accessory, he was not guilty of the actual murders. The trial court ruled that this statement was an implied waiver of the marital privilege. We agree.

Courts in other states have concluded that if the defendant testifies and in so doing casts aspersions upon his spouse in an endeavor to exculpate himself, he is deemed to have waived the marital privilege so that his spouse becomes free to testify to clear her reputation. *State v. Pendergras,* 621 S.W.2d 68 (Mo.App.1981). In *People v. Worthington,* 38 Cal.App.3d 359, 113 Cal.Rptr. 322 (1974), an irrevocable waiver of the marital privilege was found where defendant told the police that his wife had committed the murders, and described in detail how the killings had taken place. The court stated:

"Having in mind that the expressed purpose of the husband-wife privilege is to promote marital harmony and to encourage confidence between spouses, it would be the ultimate irony if one spouse can, under the guise of 'squealing' on the other, silence the other's response to his charges, in this case, of murder."

*People v. Worthington, supra.*

The reasoning of these cases is pertinent here where defendant asserted at the beginning of trial that his wife had committed the murders and that he merely helped to cover them up. Hence, the trial court did not err in finding that defendant waived the marital privilege with respect to the testimony of his wife.

## III.

■ Defendant next contends that the trial court abused its discretion in allowing defendant's redacted polygraph statement to be read to the jury, with three persons reading the questions and responses of the three participants in the examination. Pursuant to our supreme court's decision in *People v. Cummings,* 706 P.2d 766 (Colo. 1985), the transcript of the polygraph examination was edited to remove references to the polygraph examination itself. We disagree with defendant's contention that allowing this mode of presentation of the evidence was an abuse of discretion.

A trial court has broad discretion in controlling the mode and extent of presenting evidence, and absent a clear abuse of discretion, its rulings thereon will not be disturbed on review. *People v. Manners,* 713 P.2d 1348 (Colo.App.1985).

Here, the trial court allowed the two police officers who participated in defendant's polygraph examination to read their own questions and statements from the redacted transcript. Defendant's statements and responses were read by the court clerk. We do not perceive any abuse of discretion in this manner of presenting otherwise admissible evidence to the jury.

## IV.

Asserting that his wife's testimony was incredible as a matter of law, defendant

perceives error in the trial court's denial of his motion for a judgment of acquittal. Again, we disagree.

■ The testimony of a witness may not be ruled incredible as a matter of law unless it is totally unbelievable. *People v. Graham*, 678 P.2d 1043 (Colo.App.1983), *cert. denied*, 467 U.S. 1216, 104 S.Ct. 2660, 81 L.Ed.2d 366(1984). Even then, a judgment of acquittal is inappropriate if the remaining evidence, when appropriately viewed, is legally sufficient to support a finding of guilt by a reasonable person beyond a reasonable doubt. *People v. Brassfield*, 652 P.2d 588 (Colo.1982).

■ Here, the trial court found that, although the testimony of defendant's wife was confusing and irreconcilable from one time to another, it was not necessarily incredible as a matter of law. Thus, any inconsistencies in the testimony of defendant's wife were for the jury's consideration, *see People v. Franklin*, 645 P.2d 1 (Colo.1982), and do not justify a court's usurpation of the fact-finding function of the jury. *See People v. Brassfield, supra.*

In addition to the testimony of defendant's wife, there was substantial circumstantial evidence of defendant's guilt. We therefore conclude that the trial court did not err in denying defendant's motion for a judgment of acquittal.

### V.

Finally, defendant contends that the trial court erred in admitting photographs of the victims and their injuries into evidence. Defendant asserts that these photographs were cumulative and inflammatory. We disagree.

■ It is within the discretion of the trial court to decide whether otherwise relevant photographs are unnecessarily inflammatory or prejudicial to a defendant, and that court's decision will be reversed only upon a showing of an abuse of discretion. *People v. Viduya*, 703 P.2d 1281 (Colo.1985). Photographs may be introduced to show any matter that a witness could describe in words, including the ap-

pearance of crime victims. *People v. Mattas*, 645 P.2d 254 (Colo.1982).

 Here, the trial court excluded a number of photographs offered by the People which depicted the victims, their wounds, and the autopsies. The trial court also excluded a number of photographs because they were cumulative. The photographs of which defendant complains illustrated the testimony of the police officer who first inspected the car in which the victims' bodies were found. Upon examination of these photographs, we conclude that the trial court did not abuse its discretion by admitting them into evidence.

The judgment is affirmed.

PIERCE and TURSI, JJ., concur.