(No. 37119-)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD REDDING, Plaintiff in Error.

*Opinion filed May 27, 1963.—Rehearing denied September 26, 1963.*

CHARLES F. MARINO, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and RONALD BUTLER, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant Edward Redding was found guilty of the unlawful sale of a narcotic drug after a bench trial in the criminal court of Cook County. He was sentenced to a term in the State penitentiary of not less than 10 nor more than 12 years. For a reversal of the lower court judgment he urges (1) that he was unlawfully arrested, beaten and forcibly searched and that the trial court erred in denying a motion to suppress the evidence which resulted therefrom and (2) that the evidence failed to establish his guilt beyond a reasonable doubt.

The evidence at the trial revealed that on February 13, 1961, officers Parker and Jarrett of the Chicago Police Department met an informer, George Lemon, at 39th and Cottage Grove at approximately 7:30 p.m., that the informer was searched by officer Jarrett and given a five-dollar bill and 5 one-dollar bills, the serial numbers of the bills were recorded, and all three persons signed a receipt. Shortly thereafter the informer left the squad car and walked in the direction of 39th and Ellis Avenue. He entered a door leading to a restaurant and tavern at 835 East 39th Street which was about 80 yards from where the officers were standing. About 15 minutes later the informer returned from the restaurant and gave the officers a small tinfoil package containing a white powder and described the seller as a dark complexioned man, 5'9" tall, wearing a three-quarter length dark coat. Officer Parker and the informer went back to the same restaurant while officer Jarrett trailed a few paces to the rear. At the door of the restaurant the informer pointed to the defendant as one of two men who came from the restaurant. Officer Parker then identified himself to them as an officer and placed them under arrest. The defendant cupped his right hand up his sleeve and began to place it behind his back. Officer Parker then reached for the defendant's right hand, hit him in the

stomach, grabbed his right hand, opened it up and found a small clear plastic container containing 2 tinfoil packages containing white powder. A search of the defendant's person revealed some currency, including nine of the ten dollars recorded as having been originally given to the informer. Defendant claimed he did not sell the powder to the informer but gave it to him as a favor. The other police officer's testimony was substantially the same as that of officer Parker. It was stipulated that the powder seized was heroin.

From the facts elicited concerning defendant's arrest it would appear the trial court committed no error in refusing to grant the motion to suppress. A crime had been committed and the officers were possessed of sufficient facts to cause reasonable persons to believe defendant was the person who had committed it. The search and seizure attendant to the arrest were both lawful and proper under the circumstances. The fact that the officer struck defendant in his belief that either the defendant may have intended to do him physical harm or to do away with evidence does not invalidate the arrest nor the subsequent search and seizure. The matter concerning the reasonable belief of police officers acting upon information supplied to them in making arrests has been dealt with by this court in *People* v. *Parren,* 24 Ill. 2d 572 and *People* v. *Pitts,* 26 Ill.2d 395. This case is to be distinguished from the *Parren* and *Pitts* cases in that here we have no information supplied by an anonymous tip. This was a carefully controlled purchase through an informer known by the police and it would be idle for us to say that reasonable men would not have acted similarly upon the information supplied in this case. In *People* v. *Galloway,* 7 Ill.2d 527, we noted that from the informer's testimony it appeared the defendant was arrested because an informer described him to the police officer following the purchase. The officer therefore must have had a reasonable belief that the defendant had committed the offense.

The defendant also complains of the failure of the officers to perform a field test prior to the arrest. In *People v. Boozer*, 12 Ill.2d 184, we declared that the law does not impose such precise exactions. It requires only that the officers have reasonable grounds to believe that a crime has been committed and that the arrested party committed it.

We believe that the trial court's finding is supported by the evidence. In *People v. Perkins*, 26 Ill.2d 230, we declared that the problem is essentially one of the credibility of the witnesses. Where a jury trial is waived, the determination as to where the truth lies is the obligation of the trial judge. We have frequently held, under these circumstances, that the finding of the trial court will be sustained unless we can say that the proof is so unsatisfactory as to raise a reasonable doubt of defendant's guilt. The failure of the informer to testify was explained by his death shortly after the arrest.

A suggestion is here made as to a possible entrapment of the defendant. Such defense was not urged in the trial court and cannot be asserted for the first time on appeal. *People v. Outten*, 13 Ill.2d 21.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*