**People of the State of Illinois, Defendant-in-Error, v. Clem Johnson (Impleaded), Plaintiff-in-Error.**

**Gen. No. 50,466.**

First District, First Division.

January 17, 1966.

Robert H. Gerstein, of Chicago, for plaintiff-in-error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for defendant-in-error.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Clem Johnson, was found guilty by a jury of attempted robbery, and sentenced to a term of five to ten years in the Illinois State Penitentiary. He contends on appeal that he is entitled to a reversal of his conviction, or in the alternative to a new trial, on the grounds that: (1) he did not personally receive a copy of the indictment until the first day of his trial; (2) he was not brought to trial within four months from the date of his arrest; (3) he was entrapped into the commission of the crime; and (4) the closing argument of the prosecution was inflammatory and not supported by the evidence.

Joseph Lorenz, a police officer assigned to the Task Force, Tactical Undercover Section, was acting as a decoy at about 3:00 a. m. on September 8, 1962, in the vicinity of 63rd Street and Lowe Avenue in Chicago, where a robbery pattern had been observed. Dressed in street clothes and carrying a brown camera bag, Officer Lorenz staggered into an alley in that neighborhood, coughing repeatedly and feigning drunkenness. Other officers waited nearby in unmarked vehicles. Concealed on the person of Officer Lorenz were a microphone and two-way radio equipment, used to communicate with the other officers. As he leaned against a wall in the alley, he was approached by the defendant and two codefendants. He told them to go away and leave him alone, which they did; but they returned shortly thereafter and the defendant said to Lorenz, "What are you doing around here?" Lorenz mumbled some words, whereupon the defendant punched him in the mouth and said, "Listen, man, I want your money." Lorenz yelled, "Police officer!", and defendant produced an open knife from his pocket and attacked Lorenz. A struggle ensued, in the course of which Lorenz shot the defendant in the stomach. The

467

other officers came to the aid of Lorenz, and all three men were arrested. This version of the facts, testified to by Officer Lorenz, was substantially corroborated by other officers.

The defendant states that he did not personally receive a copy of the indictment prior to his arraignment, contrary to the provisions both of § 729 of the Criminal Code then in effect (Ill Rev Stats c 38, § 729 (1961)), and of § 113-4 of the 1963 Criminal Code (Ill Rev Stats c 38, § 113-4 (1963)). The failure to supply him personally with a copy of the indictment, taken with the fact that the indictment was not read to him at the arraignment, is alleged to deny the defendant due process and to constitute reversible error.

The record reveals that on the date of his arraignment, November 19, 1962, the defendant was represented by the Public Defender, who at that time had a copy of the indictment. He expressly waived its reading, and entered a plea of not guilty on behalf of the defendant. The defendant next appeared before the court on December 10, 1962, and requested the appointment of a "bar association lawyer" in his case. Remarks made by him on that occasion, as set forth in the supplemental record, indicate that he was aware of the nature of the charge against him. On the first day of the trial, April 18, 1963, the defendant requested and was given a copy of the indictment. His trial counsel, in response to an inquiry by the court, stated that he (counsel) had received a copy of the indictment on the date of his appointment, which was December 18, 1962. In view of these circumstances, we conclude that the failure to supply the defendant personally with a copy of the indictment before his arraignment did not prejudice his rights. His attorneys were given copies, and were thus enabled to defend him properly; and it is apparent that the defendant understood the charge against him.

■ Defendant next directs our attention to the fact that more than seven months elapsed between his arrest and the commencement of his trial, and contends that he is therefore entitled to a reversal of his conviction under the Fourth Term Act (Ill Rev Stats c 38, § 748 (1961)). That statute, now supplanted by Ill Rev Stats c 38, § 103–5 (1963), implemented the Illinois Constitution's guaranty of a speedy trial (Illinois Constitution, art 2, § 9), and reads in relevant part as follows:

> 748. Discharge for want of prosecution. § 18. Any person committed for a criminal or supposed criminal offense and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner. . . . (Ill Rev Stats, c 38, § 748 (1961)).

The substitution of counsel for the defendant, in accordance with his request, was ordered by the court on December 18, 1962. The record indicates that on December 21, the newly-appointed counsel moved for and was granted a continuance to January 23, 1963, in order to become familiar with the case. Several continuances were granted thereafter on motions by the State or on the court's own motion, and trial was not commenced until April 18, 1963.

The defendant argues that, taken together, the period of over three months between his arrest and his counsel's motion for a continuance, and the further delay of almost three months after the termination of that continuance, exceed the four-month limit specified by the Fourth Term Act, and entitle him to his release. But the Illinois case law is directly to the contrary. Where a defendant requests or agrees to a continuance, it is well-established that the four-months period starts again

469

from the date to which the case is continued. People v. Stahl, 26 Ill2d 403, 186 NE2d 349; People v. Hayes, 23 Ill2d 527, 179 NE2d 660. Hayes involved circumstances very similar to those of the case before us. Some of the continuances in that case were for the purpose of locating a bar association attorney to replace the Public Defender as defendant's counsel, and to allow the newly appointed counsel to become familiar with the case. The Supreme Court held that the four-month period began again upon the termination of those continuances. There, as here, the trial was commenced within four months after the termination of the continuances granted the defendant, and the Fourth Term Act was held not to have been violated. People v. Hayes, 23 Ill2d 527, 531, 179 NE2d 660.

Our attention is directed to People v. House, 10 Ill2d 556, 141 NE2d 12, and to People v. Wyatt, 24 Ill2d 151, 180 NE2d 478. These cases are readily distinguishable from the case at bar. In each, our Supreme Court, after reviewing the record, concluded that the continuance in question was actually on the trial court's own motion, although the wording of the orders granting the continuances indicated that they were on motion of the defendants. The defendant in this case asserts that here too it was the court and the State who were actually responsible for the continuance from December 21, 1962, to January 23, 1963. There is nothing in the record, however, to support this assertion, and therefore the House and Wyatt cases are inapplicable.

 It is next contended that the conviction for attempted robbery cannot be sustained because the actions of the police officer whom the defendant attacked constituted entrapment. Where, as here, the defense of entrapment is not raised at trial, it cannot be raised on appeal. People v. Redding, 28 Ill2d 305, 192 NE2d 341. Nevertheless, we have examined the record on this question, and we are satisfied that the elements of entrap-

ment were not present. As stated in People v. Lewis, 26 Ill2d 542, 187 NE2d 700, there is no entrapment where the law enforcement officer merely provides an opportunity for the commission of a crime by one who is already so predisposed. Furthermore, entrapment can exist only when the criminal intent originates in the mind of the entrapping officer, and if such intent arose in the mind of the accused there is no entrapment, though officers may afford an opportunity for the commission of the offense and use artifice and stratagem to apprehend one actually engaged in a criminal enterprise. People v. Outten, 13 Ill2d 21, 23, 147 NE2d 284. Here, the police officer did no more than to lean against a wall, cough, and feign drunkenness. Under these circumstances, the intent to rob him originated in the defendant and his companions, and there is no entrapment.

██ Finally, it is alleged that remarks made by the prosecuting attorney in his rebuttal argument were so prejudicial as to deny the defendant a fair trial. Our attention is directed to a simile drawn between the defendants and a pack of wolves, preying upon a straggler from a herd of buffalo. Wide latitude is permitted counsel in closing argument. In light of all the facts we do not find that the prosecutor's statements transcended legitimate argument. People v. Burnett, 27 Ill2d 510, 190 NE2d 338.

The judgment of the Criminal Division of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.