**People of the State of Illinois, Plaintiff-Appellee, v. Arthur Lewis (Impleaded), Defendant-Appellant.**

**Gen. No. 50,704.**

First District, Third Division.

February 9, 1967.

E. Paul Lanphier, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Edward J. Downs, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

After a nonjury trial the defendant was found guilty of robbery and sentenced to serve from 2 to 5 years in the penitentiary. On appeal he contends that the property in question was taken with the consent of the complaining witness and hence the State failed to prove an essential element of the crime of robbery. The facts follow.

Police Officer Daniel Scanlan was assigned to an undercover unit of the Chicago Police Department. On December 30, 1964, he was on duty in the vicinity of 811 West Madison Street, Chicago, dressed in plain clothes. He was standing in the doorway of a store front feigning drunkenness when he was attacked by defendant Lewis and one Samuel Gallegos, who was found guilty in a separate trial and on whose appeal, 80 Ill App2d 105, 224 NE2d 631, an opinion has also been rendered this day. Lewis grabbed the officer from behind, pinning his arms to his sides, while Gallegos took $20 from his coat pocket. The officer called for help by means of a transistorized radio. Several other members of the police task force thereupon converged on the scene and

apprehended Gallegos and Lewis. Defendant now admits that the foregoing facts are substantially correct. At the trial, however, he testified that he did not assault or touch Scanlan or otherwise participate in the robbery.

■ Defendant did not raise the affirmative defense of entrapment during his trial, and he insists that entrapment is not involved in the defense he now raises. He contends rather that the State failed to prove an essential element of the crime, that is, that the property was taken by force or threat of violence. It is well established that to constitute robbery, force must be used sufficient to overcome power of the owner to retain his property, either by actual physical force or by putting him in such fear as to overpower his will. People v. Ohle, 408 Ill 238, 96 NE2d 476; People v. Flaherty, 396 Ill 304, 71 NE2d 779. Defendant argues that a police decoy under the circumstances here present expects to be attacked; that the money was placed in the officer's coat pocket, where it was easily accessible to robbers, and hence he concludes that the officer wanted the money to be taken and therefore it was not taken by force.

■ ■ The purpose of a police detail such as the one here involved is to identify and capture the perpetrators of violent crimes. It is also intended to serve as a deterrent to crime by instilling fear in the potential criminal that robbery victims may not be as helpless as they appear. A police decoy operating in certain sections of a large city may well expect to be attacked, but expectation is not consent. Any citizen walking on the streets of a dangerous area on business or out of sheer curiosity or adventure or under the influence of liquor might well expect to be attacked and robbed, but it cannot be contended that this amounts to consent. Neither can it be said that a police officer consents to an attack by casually pretending to be an intoxicated citizen.

103

In People v. Jones, 290 Ill 603, 125 NE 256 (1919) and in Hall v. People, 171 Ill 540, 49 NE 495 (1898), cited by defendant, the court distinguished theft from robbery and held that when property is taken by stealth from a person who is unaware of the taking, the essential elements of robbery are not established. These authorities are clearly inapplicable. In the instant case force was applied.

The fact that the police officer here had reason to believe he might be attacked and robbed does not mean that he consented to the attack. Essentially the defendant is not arguing consent at all. He is obliquely raising the issue of entrapment under the guise of consent. The three principal elements of entrapment are: (1) the concept of committing the offense originates with the authorities (2) who actively encourage the suspect to commit the offense (3) for the purpose of obtaining evidence for his prosecution. It is an affirmative defense and may not be raised for the first time on appeal. People v. Outten, 13 Ill2d 21, 147 NE2d 284; People v. Redding, 28 Ill2d 305, 192 NE2d 341. Nor may it be raised when the defendant denies the facts constituting the offense. People v. Anthony, 28 Ill2d 65, 190 NE 2d 837; People v. Realmo, 28 Ill2d 510, 192 NE2d 918; People v. Johnson, 24 Ill2d 195, 181 NE2d 164.

We find no error in the trial of this case. The judgment is affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.