The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Gary E. GRESHAM,
Defendant-Appellant.

No. 80CA0667.

Colorado Court of Appeals,
Div. I.

Dec. 24, 1981.

Rehearing Denied Jan. 14, 1982.

Certiorari Denied June 21, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Susan P. Mele, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

COYTE, Judge.

Defendant appeals from a jury verdict finding him guilty of theft. We affirm.

The evidence revealed that the police department set up a decoy operation in downtown Denver. One of the police officers would lie on the ground, pretending to be incapacitated, with a wallet and money protruding from his pocket. On the occasion in question, the defendant went over to the police officer and attempted to rouse him. After he received no response the defendant took the wallet and started to walk away. He was intercepted at this point by various police officers who had been observing the operation, and was arrested and charged with theft.

Defendant first contends that the trial court erred in refusing to submit the af-

firmative defense of consent to the jury. We disagree.

■ Defendant is entitled to an instruction on his theory of the case only when there is some evidence to support that theory. *See People v. Mackey*, 185 Colo. 24, 521 P.2d 910 (1974). Here, although the decoy operation was set up so that a person otherwise inclined would have the opportunity to take money, the police did not consent to being permanently deprived of possession of the money. *See* § 18–4–401, C.R.S. 1973 (1978 Repl.Vol. 8). As stated in *People v. Lewis*, 80 Ill.App.2d 101, 224 N.E.2d 647 (1967):

> "The fact that the police officer here had reason to believe he might be attacked and robbed does not mean he consented to the attack. Essentially the defendant is not arguing consent at all. He is obliquely raising the issue of entrapment under the guise of consent."

Thus, as there was no evidence to support the defendant's tendered instruction on consent, the trial court properly refused to give the instruction. *See People v. Walker*, Colo.App., 615 P.2d 57 (1980).

Defendant next contends that the trial court erred in not instructing the jury that the mental state of "knowingly" applied to the element of "without authorization." We disagree.

■ The instructions on theft were given to the jury in the statutory language and were sufficient to inform the jury adequately of the law on this issue. *See People v. Bowen*, 182 Colo. 294, 512 P.2d 1157 (1973); *Sandoval v. People*, 176 Colo. 414, 490 P.2d 1298 (1971). A special instruction on "knowingly" as applied to "without authorization" is not required. *See* Section 18–4–401, C.R.S.1973 (1978 Repl.Vol. 8).

Defendant next contends that the jury instruction on specific intent was internally inconsistent and reduced the prosecution's burden of proof. We disagree.

■ The instruction given on specific intent was couched in the statutory language and correctly stated the applicable rules of law with regard to specific intent crimes.

*See, e.g., Blincoe v. People*, 178 Colo. 34, 494 P.2d 1285 (1972).

Defendant last contends that the trial court erred in refusing to instruct the jury on the lessor non-included offense of criminal tampering. We disagree.

■ Since it was undisputed that defendant took the wallet and attempted to leave the area, there was no evidence to support the defendant's theory of tampering. Tampering is an entirely unrelated offense, and there must be independent evidence to support it. Thus, the trial court correctly refused defendant's tendered instruction on the lesser non-included offense of criminal tampering. *See People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1977).

Judgment affirmed.

PIERCE and SMITH, JJ., concur.