THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RODNEY LEWIS, Defendant-Appellant.

First District (3rd Division) No. 1—86—0959

Opinion filed May 16, 1990.—Rehearing denied July 6, 1990.

Michael J. Pelletier, of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, William D. Carroll, and Darlene White, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Defendant-appellant Rodney Lewis (Lewis) was found guilty of aggravated battery after a jury trial and sentenced to a nine-year term of imprisonment. On appeal, Lewis argues that (1) the prosecutor's misstatements of law, references to his aliases and other improper remarks deprived him of a fair trial; and (2) the trial court abused its discretion when it imposed the nine-year sentence.

The events which led to the aggravated battery conviction occurred on July 17, 1985. Defendant testified that the victim, Humphrey, approached him and began arguing. Defendant withdrew from the encounter and went into a building. According to defendant, when he returned, Humphrey approached him in an aggressive, excited manner and threatened him with bodily harm. Defendant testified that after Humphrey "swung at him" with an object, he stabbed Humphrey a single time in the chest. Contrastingly, Humphrey testified that defendant came out of the building, approached him, stated that he did not like him and stabbed him.

Assistant State's Attorney Richard Pullano testified that during an interview with Irene Cooper, an occurrence witness, she stated that defendant exited the apartment, walked quickly toward Humphrey, brought his hand from behind his back, lunged at and stabbed Humphrey.

Defendant surrendered himself to the police. After being advised of his *Miranda* rights, he related that following the argument, he went to his apartment, put his switchblade in his back pocket and returned outside. Defendant related that once outside, he argued with Humphrey and lunged at him, stabbing him in the chest. During the interview, defendant informed Pullano that Humphrey did not hit or swing at him, and that he was not taking any chances and "wasn't waiting."

The trial court granted defendant's motion *in limine* precluding the introduction of defendant's aliases, except in conjunction with a previous conviction. The parties stipulated that the defendant was the same man who was convicted in case number 80—3148 under the name(s) of James Miller and Arnold Garrnet.

Defendant argues that the prosecutor's misstatements of law deprived him of a fair trial. Specifically, he argues that the prosecutor misstated the law of self-defense, with respect to the requisite mental state, and by stating that Lewis could only use force equal to the force used against him. The prosecutor's comments were responsive to the following closing argument comments of defense counsel:

> "This man is presumed innocent until he's proven guilty beyond a reasonable doubt. He's not required to put on a defense. It's up to the prosecution to prove him guilty, beyond a reasonable doubt. In this case, he did put on a defense. If you find some evidence he put on a defense of self-defense [*sic*], if you find there was evidence that he subjectively believed that he was in danger, if you find from the testimony here, there was evidence that he, in his mind, believed he was in danger, then

it's up to the State also to prove, beyond a reasonable doubt that this was not self-defense. \*\*\*

There was no reason for Leonard to sit there with his finger in Rodney's face to tel [*sic*] him he was going to beat him up. There is no reason for that. That's unfortunate, but that's why the man got injured.

And, I believe you will find that the man had a reason. Mr. Lewis had a reason to defend himself. Under the law of Illinois, if one subjectively believes it is necessary to use even deadly force harm—.

PROSECUTION: Objection, that's not the law. Only from great bodily harm.

DEFENSE: From great bodily harm, even if it's subjective belief [*sic*], Mr. Lewis, he's justified in using that force reasonably."

The prosecutor argued the following in closing:

"As to what the law is and I want to explain a few things that I believe he will instruct you on. Do not be misled. Nobody is entitled to stab somebody merely because they think that maybe somebody is about to do them harm.

DEFENSE: Objection, your Honor.

THE COURT: Court will instruct the jury as to the law.

PROSECUTOR: Thank you, Judge. The best that can be said for that man sitting over there is that maybe he thought because he was in an argument that the other guy might have started pushing or shoving or hitting, might [*sic*]. That's not good enough. You are being asked to decide the following questions. Given that there's been a stabbing, can anybody come into court and merely say because they fell [*sic*] like it or they think it will do some that's some good [*sic*]. [O]kay, I thought something was going to happen to me and gets off for the stabbing [*sic*]. No. That is the answer, clear and simply [*sic*].

There is a lot of common sense behind the law. If somebody pushed you, you can push back, you can use the kind of force that is actually used on you.

DEFENSE: Objection, your Honor.

THE COURT: Court will instruct the jury as to the law.

PROSECUTOR: Thank you, Judge. And, if somebody used a deadly weapon on you, you are entitled to use a deadly weapon back. At that point, to defend yourself [*sic*].

DEFENSE: Court will instruct the jury.

PROSECUTOR: But, you are not entitled to merely claim

that as the defendant said, I wasn't going to wait to see if something might happen. You are not entitled to use deadly force on somebody sometime with some of the facts in this case.

Let's deal with some of the facts in this case. First of all, it is clear from the medical reports, Leonard was stabbed once in [*sic*] cut his intestine, a number of times. You saw his injuries. There was a—it was a serious injury and it doesn't matter whether or not that was a switchblade or a folding knife. He had a colostomy. [H]e had a life threatening injury. He had serious bodily harm. There can be no question about that. I think it's important, I don't even think you should by the facts or the [*sic*] that this bully—.

DEFENSE: Objection, Judge.

THE COURT: Overruled.

PROSECUTOR: That this thu[g], who carried a knife with him—.

DEFENSE: Objection, your Honor.

THE COURT: Be sustained [*sic*].

PROSECUTOR: *** He's the one who returns to an argument that was over, with a knife.

\* \* \*

In a few minutes, his Honor, Judge Palmer is going to instruct you on the law. You will get a copy of the instructions that he has to give you. I want to call your attention to a new—one particular instruction. I am going to go over it once. I will read it quickly and then I am going to stress the important points. I believe he will tell you that a person is justified—.

DEFENSE: Objection, your Honor.

PROSECUTOR: In the use of force when and to the extent that he reasonably believes—.

THE COURT: Overruled.

PROSECUTOR: Is necessary to defend himself against the eminent use of force.

DEFENSE: Objection.

THE COURT: What is the basis of the objection?

DEFENSE: That the rule is that the jury [*sic*] instructs the jury on the law.

THE COURT: He may read the instructions to the jury as to [*sic*] a basis for whatever he's going to explain after that time. Overruled.

PROSECUTOR: Further, the judge will instruct you that a

person is justified in the use of force which is intended to cause the death or great bodily harm, only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm. Now, you weren't supposed to digest it at first reading or first hearing. We go to law school three years and it takes time to digest it, so let me go over the reason—real important parts. A person is justified in the use of force when he believes that it's necessary, very key word, necessary.

DEFENSE: Objection.

THE COURT: Sustained, at this point.

PROSECUTOR: Person is entitled. What this means is it can't be maybe in his own mind. It's got to be necessary.

DEFENSE: Objection, your Honor.

PROSECUTOR: To defend himself.

THE COURT: Overruled, at this point.

PROSECUTOR: Against the imminent use of unlawful force. During the first argument, maybe the possibility of force was imminent, because it's about to happen, right then, and there. [T]hat's what imminent means. But, when you talk about outside with a knife, and start the situation all over again, [sic] you are creating the situation. You are not entitled to start a new argument. The force against you when you are sitting upstairs and there is no argument, is not imminent at all. There is no force. Next, person is justified in the use of major force, which will kill or seriously harm somebody.

DEFENSE: Objection.

THE COURT: I will sustain the objection for further reading of the law. You may explain how the facts fit into the instructions that I will give.

PROSECUTOR: We just talked about when you can use a little bit of force, okay. When can you use a lot of force? Well, the concept again, is common sense you can only use a lot of force when a lot of force is being used on you. Very clear, no weapon was being used on the defendant.

DEFENSE: Objection, Judge.

THE COURT: Jury's heard the testimony and the evidence [sic].

PROSECUTOR: Thank you, Judge. You are not entitled to stab somebody because you think somebody may merely hit you. Leonard Humphrey was in intensive care and had to have t[wo] operations, was seriously wounded.

DEFENSE: Objection.

THE COURT: Overruled.

PROSECUTOR: Because of the acts of this man, the unjustified, illegal acts of that man. He wasn't entitled to use any force, let alone deadly force, and he wasn't entitled to go inside and come back and start things again.

If you feel that somebody can go inside get mad about an argument and come out when there· is no confrontation and stab somebody, if that's the k[in]d of society that you think we should have, find him not guilty and give somebody—.

DEFENSE: Objection.

THE COURT: Overruled.

PROSECUTION: And, give somebody license to do that.

DEFENSE: Objection, your Honor.

THE COURT: Overruled.

PROSECUTOR: Should have [sic] to follow the laws that somebody is allowed to defend himself when the law says so, but is not allowed to defend themselves in this kind of manner when the law says he can't.

DEFENSE: Objection, your Honor.

THE COURT: Overruled.

PROSECUTION: Then, find the defendant guilty. Thank you."

The court gave the jury the following instruction: "A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend himself against the imminent use of unlawful force. However, a person is justified in the use of force which is intended of [sic] likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself." Illinois Pattern Jury Instructions, Criminal, No. 24.06 (1968).

■■ ■ In closing argument, a prosecutor is accorded wide latitude and the scope of permissible argument is within the sound discretion of the trial judge. (*People v. Lasley* (1987), 158 Ill. App. 3d 614, 625, 511 N.E.2d 661, 670.) Complained-of remarks must be examined in the context of both the State's and the defense's arguments; but, all remarks made in the closing argument must be based upon the evidence presented or reasonable inferences thereof. (*People v. Cisewski* (1987), 118 Ill. 2d 163, 175-76, 514 N.E.2d 970, 976.) The test for determining whether the remarks of the prosecutor in closing argument constitute reversible error is whether those comments were such that, without their having been made, the jury might have reached a different result. *People v. Estes* (1984), 127 Ill. App. 3d 642, 650, 469

N.E.2d 275, 282.

 Whether the degree of force used in self-defense was justified is a question of fact for the jury. (*People v. Felella* (1989), 131 Ill. 2d 525, 533, 546 N.E.2d 492, 495.) To establish a defense of self-defense, the defendant must show that unlawful force was threatened against him, he was not the aggressor, he believed the danger of harm was imminent, force was necessary to avert the danger and that the amount of force used was necessary. (*People v. Woods* (1980), 81 Ill. 2d 537, 542-44, 410 N.E.2d 866, 868-69.) Here the jury considered corroborative evidence that the defendant left the scene, went to his apartment, returned and stabbed the victim. Where the defendant had withdrawn from the encounter, reached a place of safety, and later re-initiated a fight, the right to defend himself vanished when he was able to escape. (*People v. Flax* (1986), 147 Ill. App. 3d 943, 954, 498 N.E.2d 667, 674.) Having reviewed the prosecutor's statements in context, the remarks relative to self-defense do not rise to the level of reversible error, given the court's admonishments, the jury instruction and the evidence.

██ Defendant argues that he was deprived of a fair trial based upon the assistant State's Attorney's prejudicial references to the defendant as a bully and thug in the aforementioned closing argument excerpt. The court sustained the objection to the characterization of the defendant as a thug, and thereby cured the error. The characterization of defendant as a bully was based upon the evidence presented by the State and does not constitute error. (*People v. Moore* (1988), 172 Ill. App. 3d 325, 335, 526 N.E.2d 591, 598.) While we do not condone the prosecution's use of derogatory references, we do not find reversible error based upon these remarks. *People v. Berry* (1960), 18 Ill. 2d 453, 457-58, 165 N.E.2d 257, 259.

Defendant asserts that other comments made during closing argument were prejudicial. The remarks were as follows:

"PROSECUTOR: As you know, Rodney Lewis is charged with aggravated battery. He is charged with aggravated battery by the People of the State of Illinois. Leonard Humphrey is not charged with aggravated battery. The People of the State of Illinois have brought these charges because what Rodney Lewis did on June 17, 1985 is against the laws of the State of Illinois. And, what Rodney Lewis did on June 17, 1985, didn't just affect Leonard Humphrey, it affected each and every one of you. *** How long was the line to get into this building? *** That line was because of Rodney Lewis and people like Rodney Lewis who walk the streets of Chicago.

DEFENSE: I am going to object to this whole line of questioning [sic].

THE COURT: Overruled.

PROSECUTION: People like Rodney Lewis, who carry knives [sic]. They didn't go through your purses to see how much money you had, ladies and gentlemen. They checked you for weapons. So, what you have been listening to all day long is something that very much affects each of you. You are not just here because some man got a colostomy when he was stabbed. *** I hope that each one of you has done your duty throughout this entire day and listened to the testimony. I hope that you have not spent your time as the defendant has spent his time throughout this day."

Also over objection, the prosecution stated that the victim had never been arrested and referred to "the man of 1,000 names, excuse me, 10 names," when speaking of the defendant.

In addition, during cross-examination, defendant was questioned about the names he had used, and the following questions:

"PROSECUTION: You testified you have been injured a lot of—injured in a lot of fights, is that correct?

DEFENSE: Objection, wasn't the testimony.

THE COURT: Overruled, at this time.

PROSECUTION: You testified you have been—

A. I didn't testify I was in a lot of fights.
* * *
A. I been [sic] injured twice.

Q. Were those gang related injuries?

A. No."

■ Improper argument justifies reversal only when the statements result in substantial prejudice or serve no purpose other than to inflame the jury. (*People v. Terry* (1984), 99 Ill. 2d 508, 517, 460 N.E.2d 746, 750.) Similarly, the latitude to be allowed on cross-examination is a matter within the sound discretion of the trial court, and a reviewing court should not interfere unless there has been a clear abuse of discretion resulting in manifest prejudice to the defendant. *People v. Collins* (1985), 106 Ill. 2d 237, 269, 478 N.E.2d 267, 281.

■ While some of the complained-of comments were not properly preserved for review, we examined all of the remarks and find that they constitute either improper argument or questioning. The attempts to inject irrelevant or distracting matter, however, did not sway the jurors from the fundamental issue before them concerning which substantial evidence had been submitted. We find that given the

substantial evidence in the record, the jury would not have reached a different result had the prosecutor not made the complained-of remarks. Defendant did not suffer substantial prejudice and was not deprived of his right to a fair and impartial trial because the cumulative effect of the improper comments did not constitute a material factor in his conviction.

■ The trial court sentenced defendant to an extended-term sentence of nine years based upon defendant's prior felony conviction. Defendant argues that the trial court's imposition of the nine-year sentence, one year less than the maximum term, was an abuse of discretion given his background and the circumstances of the crime. A reviewing court should not alter the trial court's determination of an appropriate sentence absent an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.) Such relief is warranted if the trial court failed to extend proper consideration to pertinent factors, such as rehabilitation. (*People v. Rickard* (1981), 99 Ill. App. 3d 914, 919, 425 N.E.2d 1317, 1320.) A sentence within statutory guidelines which is alleged to be excessive, however, will not be disturbed on review unless it is manifestly disproportionate to the nature of the offense. *People v. Cabrera* (1987), 116 Ill. 2d 474, 493-94, 508 N.E.2d 708, 716.

■ At the time of sentencing, defendant was 26 years of age. Seven years prior to sentencing, defendant was convicted of robbery and sentenced to a three-year period of probation. Defendant argues that given his employment history and lack of a substantial criminal record, the nine-year sentence was an abuse of discretion. Given the nature of the crime, and his criminal background, we disagree.

Accordingly, the conviction and sentence of the trial court are affirmed.

CERDA, P.J., and WHITE, J., concur.