(No. 69524.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. STEPHEN WIELGOS, Appellee.

*Opinion filed January 24, 1991.—Rehearing denied April 1, 1991.*

BILANDIC, HEIPLE and FREEMAN, JJ., took no part.

Neil F. Hartigan, Attorney General, of Springfield, and Cecil A. Partee, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Renee Goldfarb and Paul Gliatta, Assistant State's Attorneys, of counsel), for the People.

Edward M. Genson and Marc W. Martin, of Genson, Steinback & Gillespie, of Chicago, for appellee.

JUSTICE CLARK delivered the opinion of the court:

Defendant, Stephen Wielgos, was convicted in the circuit court of Cook County of delivering more than 30 grams of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(2)), and was sentenced to six years' imprisonment. The appellate court reversed his conviction (190 Ill. App. 3d 63). We allowed the State's petition for leave to appeal (107 Ill. 2d R. 315(a)).

On June 12, 1985, while working on an undercover drug investigation, Officer Eric Bjankini of the Northeast Metropolitan Enforcement Group met Edward Ruschinski and discussed the purchase of multiple ounces of cocaine. Over the next several weeks, the two negotiated for the purchase of four ounces of cocaine. During the entire relevant period, Bjankini operated under an assumed name, and Ruschinski was unaware that Bjankini was a police officer.

While the negotiations between Ruschinski and Bjankini were taking place, Ruschinski contacted defendant, Stephen Wielgos, to request his help in procuring cocaine from a mutual acquaintance. Between June 12 and July 3, Ruschinski telephoned defendant 25 times

and visited his home seven times. During each of these conversations, Ruschinski requested help in obtaining cocaine, but each time defendant refused.

Ruschinski and Bjankini eventually agreed that the sale would take place on July 3. Although Bjankini expected to buy cocaine on July 3, he did not know the identity of Ruschinski's alleged source for the cocaine. On that day the two met and, at Ruschinski's direction, Bjankini drove to defendant's home. Up to this point, Bjankini and defendant had never met. Defendant did not have cocaine to sell, so Bjankini left without making a purchase.

On July 5, Bjankini and Ruschinski again went to defendant's home, where defendant delivered four ounces of cocaine to Bjankini. Defendant and Ruschinski were arrested and indicted for delivery of a controlled substance in excess of 30 grams. (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(2).) Defendant and Ruschinski were tried separately, and only defendant's case is before this court on appeal.

At his trial, defendant submitted the following instruction, based on the Illinois Pattern Jury Instruction on entrapment (Illinois Pattern Jury Instructions, Criminal, No. 24—25.04 (2d ed. 1981)):

> "It is a defense to the charge made against defendant that he was entrapped, that is, that for the purpose of obtaining evidence against the defendant he was incited or induced by a public officer and/or an agent of a public officer to commit an offense."

Without explaining its reasons, the trial court omitted the words "and/or an agent of a public officer" from the tendered entrapment instruction. The jury convicted defendant, and he was sentenced to six years in the Illinois Department of Corrections.

Defendant appealed his conviction, claiming, *inter alia*, that by omitting the agency language from the en-

trapment instruction the trial court deprived him of his defense theory of vicarious entrapment. (190 Ill. App. 3d 63, 68.) In considering this argument, the appellate court focused on the existence or nonexistence of an agency relationship between Ruschinski and Bjankini. The court stated:

> "[The entrapment statute] provides, *inter alia*, that '[a] person is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either.' (Ill. Rev. Stat. 1983, ch. 38, par. 7—12.) The statute does not require that the agent *** know the true identity of the public officer or employee." 190 Ill. App. 3d at 70.

Based on its reading of the entrapment statute, the court held that it was possible for Ruschinski to be an agent of the government for entrapment purposes, even though he did not know he was acting on behalf of a police officer. (190 Ill. App. 3d at 70.) The court then found that there was enough evidence of an agency relationship to warrant an instruction on the defense of entrapment by an agent. Thus, the court reversed defendant's conviction. (190 Ill. App. 3d at 72.) We granted the State's petition for leave to appeal (107 Ill. 2d R. 315).

The issue presented in this case is whether, based on the inducements made by Ruschinski, defendant is entitled to a jury instruction on entrapment by an agent of a government officer. As entrapment is an affirmative defense (Ill. Rev. Stat. 1985, ch. 38, par. 7—14), defendant is entitled to the instruction only if he has produced enough evidence to raise the defense. (Ill. Rev. Stat. 1985, ch. 38, par. 3—2.) To meet this burden, defendant must present "slight" evidence on each element of the defense. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 540.) Because we find that defendant did not meet this burden with respect to at least one element of the defense, we

hold that defendant is not entitled to the requested instruction.

Under the Illinois entrapment statute, "[a] person is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, *for the purpose of obtaining evidence for the prosecution of such person.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 38, par. 7—12.) According to the committee comments accompanying the entrapment statute, and relevant case law, there are four elements of the entrapment defense:

> "(1) The concept of committing the offense originates with the State or its agent, (2) who actively encourage the defendant to commit the offense, (3) for the purpose of obtaining evidence for his prosecution, and (4) the defendant was not predisposed to commit the offense." (*People v. Gresham* (1981), 96 Ill. App. 3d 581, 584 (citing *People v. Cross* (1979), 77 Ill. 2d 396; *People v. Lewis* (1967), 80 Ill. App. 2d 101); Ill. Ann. Stat., ch. 38, par. 7—12, Committee Comments, at 440 (Smith-Hurd 1989).)

(See also *People v. Cash* (1963), 26 Ill. 2d 595, 597.) In the case of entrapment by an agent of a government officer, the first element listed above implicitly includes a finding that an agency relationship exists between the government officer and the alleged entrapping party.

In its opinion, the appellate court focused on the first element in general, and in particular on whether Ruschinski could be an agent of Bjankini. While the court correctly stated that the entrapment statute does not require that the agent "know the true identity of the public officer or employee" (190 Ill. App. 3d at 70), the court's analysis was incomplete. Specifically, the court failed to consider that the entrapment statute requires that the inducements be made "for the purpose of obtaining evidence for the prosecution of [defendant]." (Ill. Rev. Stat. 1985, ch. 38, par. 7—12.) Knowledge of the

public officer's true identity, though not required for an agency relationship, provides strong evidence that the agent was acting "for the purpose of obtaining evidence for the prosecution of [defendant]." However, in cases like the present, where the alleged agent does not know the true identity of the public officer, some other credible evidence must be presented to support this element of the defense. Because the appellate court did not consider whether other evidence was presented to support the purpose element, we must review the record to determine if there is any evidence which supports a finding that Ruschinski acted "for the purpose of obtaining evidence for the prosecution of [defendant]."

In our review of the record, we find no evidence that Ruschinski actually contemplated that his acts would lead to a prosecution of defendant. In addition, we find nothing in the record which creates a reasonable inference that Ruschinski's acts were intended towards that end. For example, there is no evidence that Ruschinski ever acted as a government informant; that he became aware that he was subject to arrest, and then led the police to defendant in exchange for leniency in his own case; that he was to receive money from Bjankini in exchange for information leading to defendant's arrest; that he had any relationship with the government which predated the drug investigation in this case; or that he attempted to contact other police officers regarding this drug transaction.

The evidence we do find in the record leads us to conclude that Ruschinski did not intend his acts to facilitate a prosecution. During the entire relevant period, Bjankini was investigating Ruschinski for drug dealing. Much of the evidence collected during this investigation and used to prosecute defendant could also be used to prosecute Ruschinski. It is illogical to conclude that Ruschinski intended to help the government collect this evi-

dence which could be, and in fact was, used to prosecute him. In light of this, and the lack of evidence to the contrary, we conclude that Ruschinski did not act for the "purpose of obtaining evidence for the prosecution of [defendant]." Therefore, we hold that the trial court properly refused to instruct the jury on entrapment by an agent. In light of our holding on this element of the defense, we need not decide the State's argument that Ruschinski could not be an agent of Bjankini under the entrapment statute.

Finally, we note that there is no evidence that Officer Bjankini was aware that Ruschinski induced defendant to sell drugs. Thus, we need not decide whether an agent of a public officer must act "for the purpose of obtaining evidence for the prosecution of [defendant]," when the public officer knows that the agent is inducing the defendant to commit a crime. (See *People v. Dollen* (1972), 53 Ill. 2d 280 (where this court held that government knowledge of an informant's actions is not necessary to hold the government responsible for those actions; however, in that case the agent's acts were intended to collect evidence for a prosecution of the defendant).) We leave this question open until the issue is properly before this court.

For the reasons stated, we reverse the decision of the appellate court. Because of its disposition of defendant's appeal, several issues raised by defendant were not addressed by the appellate court. Therefore, we remand the cause to that court for consideration of defendant's remaining claims.

*Judgment reversed;*
*cause remanded.*

JUSTICES BILANDIC, HEIPLE and FREEMAN took no part in the consideration or decision of this case.