THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEPHEN WIELGOS, Defendant-Appellant.

First District (3rd Division)   No. 1—87—3688

Opinion filed October 9, 1991.

Genson, Steinback & Gillespie, of Chicago (Edward M. Genson and Marc W. Martin, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Inge Fryklund, Gael O'Brien, and Paul Gliatta, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Following a jury trial, defendant, Stephen Wielgos, was convicted of delivering more than 30 grams of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(2)) and was sentenced to six years in prison.

This cause now comes before us on remand from the supreme court (*People v. Wielgos* (1991), 142 Ill. 2d 133, 568 N.E.2d 861) to consider issues presented by defendant which this court did not reach in our previous decision on this matter (*People v. Wielgos* (1989), 190 Ill. App. 3d 63, 545 N.E.2d 1031). Defendant contends that a new trial is required on the grounds that: (1) the State violated the discovery rules by failing to tender certain oral statements made by defendant during his arrest; and (2) numerous alleged instances of prosecutorial misconduct constitute reversible error.

For the reasons which follow, we affirm the judgment of the circuit court.

The facts need not be fully repeated here since they are detailed in both the decision of the supreme court (*Wielgos*, 142 Ill. 2d 133, 568 N.E.2d 861) and the prior opinion of this court (*Wielgos*, 190 Ill. App. 3d 63, 545 N.E.2d 1031). In short, defendant admitted that he delivered four ounces of cocaine to an undercover police officer but asserted the defense of entrapment. Over a span of several weeks, Edward Ruschinski, a codefendant, negotiated to sell cocaine to Eric Bjankini, an undercover police agent who used the alias identity of "Steve Hilton." Ruschinski then turned to defendant to locate a source for the drugs. After repeated refusals to become involved in a drug transaction, defendant finally agreed to obtain the cocaine from his friend Tony Creagh.

Thereafter, while under surveillance by police officers, defendant procured the cocaine through Creagh and delivery took place in defendant's home with Bjankini, Ruschinski, and defendant present. After Officer Bjankini left defendant's house, the police officers converged upon his home and arrested Ruschinski and defendant.

The trial court instructed the jury on the defense of entrapment but omitted language in the instruction which would recognize the defense of vicarious entrapment, *i.e.*, entrapment by an agent of a pub-

lic officer. The jury found defendant guilty and thereby implicitly rejected his entrapment defense.

On appeal, this court found that the statute codifying the defense of entrapment (Ill. Rev. Stat. 1983, ch. 38, par. 7—12) allows the defense of vicarious entrapment. Accordingly, we concluded that the omission of the vicarious entrapment language from the jury instruction was reversible error. *Wielgos*, 190 Ill. App. 3d 63, 545 N.E.2d 1031.

The Illinois Supreme Court reversed and held that defendant was not entitled to a jury instruction on entrapment by an agent of a government officer because the evidence did not show that Ruschinski, the alleged agent of a government officer (*i.e.*, Bjankini), acted for the purpose of obtaining evidence to lead to the prosecution of defendant. (*Wielgos*, 142 Ill. 2d 133, 568 N.E.2d 861.) Thus, the supreme court held that the trial court had properly refused to instruct the jury on entrapment by an agent. The supreme court then remanded the cause for consideration of the issues which were raised but not reached in defendant's appeal to this court.

We initially address defendant's contention that the State violated discovery rules by failing to tender, in discovery, statements that were made by defendant following his arrest and that were admitted into evidence during the testimony of a State witness, Officer Rafael Tovar. We find no reversible error with respect to the discovery rule regarding disclosure of oral statements.

■ Defendant is entitled to receive a summary of the oral statements which he made. Supreme Court Rule 412 provides that "the State shall *** disclose to defense counsel *** any written or recorded statements and the substance of any oral statements made by the accused." (134 Ill. 2d R. 412(a)(ii).) This rule does not require that the prosecution reduce the substance of an oral statement to any kind of memoranda or form prior to presenting a witness to the statement. *People v. Marek* (1980), 92 Ill. App. 3d 746, 763, 415 N.E.2d 1230.

Officer Tovar was one of the agents involved in the arrest of defendant. The record reveals, and defendant does not dispute, that a copy of Tovar's police report was tendered to defense counsel. Moreover, defense counsel interviewed Tovar before he testified.

Defendant now challenges the testimony of Tovar which relates to their conversation concerning how to care for defendant's two-year-old daughter, who was present at the time of the arrest. Defendant was separated from his wife, had custody of their daughter and was living in his mother's house. After asking defendant if there was someone in the area who could care for the child so she would not

have to go to the police station, Tovar testified to the following conversation:

"He [defendant] said that there was no one at the house. His mother wouldn't be home until later. I asked him if any of the neighbors could care for the child, because as he was aware, he was going to have to go with us. He said no. That he didn't get along with any of the neighbors. So, I asked him about his—the child's mother. He stated he'd rather not call her. *** He finally agreed to give me his wife's phone number."

Defendant objected to this testimony because Tovar's police report did not include information that defendant did not get along with his neighbors or that he did not want his estranged wife to take their daughter.

■ Our review of Tovar's police report and testimony leads us to conclude that the trial court properly denied defendant's motion for a mistrial because Tovar's report included substantially the same kind of information as his testimony. The report states in part that after defendant was placed under arrest, "Wielgos's two (2) year old daughter was found outside the house, unattended and was then handed over to Wielgos['] estranged wife as there was no one else at the house." The discovery rule does not mandate a verbatim transcription of each oral statement uttered by defendant, but rather provides for disclosure of the substance of the oral statements.

The report clearly deals with the custodial disposition of defendant's child. The statement that defendant was unenthusiastic about calling the child's mother is reasonable on the part of defendant and not in any way prejudicial.

While the reference to defendant's inability to get along with his neighbors might adversely reflect on him as a good neighbor, its failure to be included in the police report is also not prejudicial to defendant in light of the overwhelming evidence supporting the jury's verdict. Moreover, defense counsel interviewed Officer Tovar before he testified at trial and there is no allegation that he gave testimony inconsistent with the information gleaned from that interview.

Next, defendant alleges 13 instances of prosecutorial misconduct which he asserts either improperly attacked defendant, his credibility, or the defense or misstated the law. We find that the challenged remarks do not warrant a reversal.

Defendant first complains that during the redirect examination of Officer Tovar, the State elicited testimony that defendant's neighbors applauded when he was arrested.

■ The record reveals that the trial court sustained defense counsel's objection and admonished the jury to disregard this comment. When a trial court promptly sustains an objection and instructs the jury to disregard an improper argument, any prejudicial effect caused by the improper statement is generally viewed as cured. (*People v. Baptist* (1979), 76 Ill. 2d 19, 389 N.E.2d 1200; *People v. Spann* (1981), 97 Ill. App. 3d 670, 422 N.E.2d 1051.) We find that any prejudice resulting from this comment was cured by the trial court's prompt action.

■ Second, during the direct examination of defendant, the State, in its objection to one of defendant's answers, said "is he [defendant] changing his answer now."

Although this objection by the State followed an answer given by defendant which contradicted his prior response to the same question, the State ought not editorialize while stating an objection. However, it is well established that improper remarks do not constitute reversible error unless they result in substantial prejudice to the accused and each case must be decided on its own facts. (*Baptist*, 76 Ill. 2d at 29.) Given the facts in this case, defendant did not suffer substantial prejudice from the prosecutor's objection.

■ Third, during cross-examination of defendant, the State said "so, a minute ago you were covering up what you knew."

The record shows that this remark by the prosecutor came after defendant had given two different answers to the State's question as to whether defendant did or did not know that cocaine was in the bag he picked up and transported to the drug deal. We find that the trial court properly overruled defendant's objection to this statement. The obvious impact of inconsistent statements is that a contradiction exists. Moreover, we cannot find that the absence of the prosecutor's remark would have changed the jury's decision where defendant admitted that he participated in the drug transaction.

■ Fourth, during cross-examination of defendant, he denied participation in any prior drug transactions and the prosecutor commented "of course not."

We find that any prejudice caused by this remark was cured because the trial court sustained defense counsel's objection to this remark, ordered the remark stricken from the record, and admonished the jury to disregard it. Moreover, in rebuttal closing argument, the State expressly acknowledged that "we [the State] don't have any evidence that he [defendant] sold drugs before this. If we did, we'd have presented it to you."

The remaining nine prosecutorial comments challenged by defendant occurred during closing and rebuttal closing arguments. A prosecutor is allowed wide latitude in closing arguments. (*People v. Davis* (1982), 104 Ill. App. 3d 512, 516, 432 N.E.2d 1134.) A reviewing court will not disturb the trial court's determination absent a clear abuse of discretion based upon the record as a whole and the arguments in their entirety. (*People v. Perez* (1983), 113 Ill. App. 3d 143, 149, 446 N.E.2d 1229.) Parties have the right to comment on the evidence, to draw any legitimate inferences from the evidence, and to make inferences even if detrimental to defendant. (*People v. Weatherspoon* (1978), 63 Ill. App. 3d 315, 379 N.E.2d 847.) The test employed to determine the existence of reversible error is whether the improper remarks of the prosecutor in closing arguments were such that, without their having been made, the jury might have reached a different result. *People v. Lewis* (1990), 198 Ill. App. 3d 976, 982, 556 N.E.2d 697.

■ Defendant assigns error to the fact that in closing argument, the State argued that defendant "delivered cocaine and didn't care who used it" and "didn't care what kinds of problems someone else may have had." Also, in rebuttal argument, the State argued that the jury should decide "if there were times when wool was pulled over your eyes and little gimmicks and advocacy tricks like having his [defendant's] mother and friends testify."

We find that the challenged remarks did not exceed the permissible boundaries of closing argument. Furthermore, the trial court sustained all objections to these comments and thus any possible prejudice was cured.

Next defendant complains that in rebuttal argument, the State argued that the jury can decide that a witness "is a liar" if the witness "contradicted himself." Defense counsel characterized these arguments as the equivalent of "calling the defendant a liar."

■ We find that the trial court properly overruled defendant's objection to these remarks. Defendant's characterization of the State's closing arguments as the equivalent of "calling the defendant a liar" is not supported by the record. The prosecutor merely told the jury that where a witness provides contradictory answers, the witness could be lying. Even if the State had specifically called defendant a liar, no error would be found because a defendant can be called a liar in argument where evidence of lying exists or reasonable inferences of lying can be drawn from the evidence. *People v. Strange* (1984), 125 Ill. App. 3d 43, 465 N.E.2d 616; *People v. Wilson* (1984), 123 Ill. App. 3d 798, 463 N.E.2d 890.

■ Defendant next complains that in rebuttal argument, the State referred to defendant as "little Stevie."

We believe that this prosecutorial remark was disrespectful and improper but was not sufficient to turn the jury away from their sworn duty. As this court has recently stated, "we do not condone the prosecution's use of derogatory references." (*Lewis*, 198 Ill. App. 3d at 983 (the characterization of the defendant as a bully and thug did not constitute reversible error).) Such comments reflect adversely on the prosecution and are to be avoided.

■ Defendant also asserts that it was reversible error when, in rebuttal argument, the State argued that certain areas explored by the defense during his cross-examination of State's witnesses were "something to get you off track about what this case is all about."

We find that the trial court properly overruled defendant's objection to this remark because this comment was within the permissible scope of closing argument.

■ Next, defendant contends that it was error when, in rebuttal argument, the State said that "millions of people may have suffered and maybe died as a result of" cocaine.

The record reveals that the trial court sustained defense counsel's objection and ordered these remarks stricken from the record. Thus we find that any prejudice resulting from these remarks was cured.

■ Defendant also claims that the State committed reversible error in rebuttal argument when the prosecutor attempted to define reasonable doubt through an analogy to the existence of China. The prosecutor stated as follows:

> "Now, the burden in this case is reasonable doubt, beyond a reasonable doubt. Not an impossible burden. Not any doubt. It's not any doubt that you might think exists. I have a doubt that China exists, ladies and gentlemen. I have never been there. I don't speak Chinese. But it's not a reasonable doubt because you all know there is a China on the other side of the world."

This court has held that no attempt to explain the meaning of reasonable doubt should be made because there is no better definition of reasonable doubt than the words themselves. (*People v. Garcia* (1981), 103 Ill. App. 3d 779, 785, 431 N.E.2d 1234 ("[i]t is improper for an attorney to attempt to define this concept [reasonable doubt]"); *People v. Jenkins* (1980), 89 Ill. App. 3d 395, 411 N.E.2d 1047.) In *Jenkins*, this court reversed and remanded a defendant's conviction for aggravated battery because the trial judge orally tried to define reasonable doubt through an analogy to the amount of water in a glass. Subse-

quently, the prosecutor in *Jenkins* used the trial judge's analogy in his closing argument.

■■ We find that the State's attempt to define reasonable doubt in this case is improper but does not constitute reversible error because the trial court promptly sustained defense counsel's objection to these remarks and an appropriate instruction on reasonable doubt was given to the jury.

■■ Defendant also assigns error to the fact that in closing argument, the State made several references to the "absence of force" involved in persuading defendant to make the drug sale, and, in rebuttal argument, the State argued that defendant was "caught red handed" and that entrapment is "known as the defense of desperation."

We find that the trial court properly rejected defendant's objections to these comments because these comments did not misstate the evidence or the law. Statements based on the evidence are not improper. (*Weatherspoon,* 63 Ill. App. 3d 315, 379 N.E.2d 847.) The facts of this case reveal that defendant was caught while engaging in a drug transaction and defendant admitted his guilt while asserting the entrapment defense.

The jury was instructed on the entrapment defense. We need not speculate on the propriety of the entrapment instruction which was given since the Illinois Supreme Court definitively held that it was proper. (*Wielgos,* 142 Ill. 2d 133, 568 N.E.2d 861.) Furthermore, we cannot find that the absence of the prosecutor's remarks would have changed the jury's decision where defendant admitted that he participated in the drug transaction.

In light of the established principles and an examination of the challenged remarks in the record, we find that the prosecutor's statements, when viewed in context and when considered individually and cumulatively, do not rise to the level of reversible error.

Judgment affirmed.

CERDA, P.J., and TULLY, J., concur.